CITY OF PHILADELPHIA, PENNSYL-
VANIA, a Municipal Corporation,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION et al., and related cases.

Civ. A. Nos. 29810, 29920, 29922–29924,
29928, 29930, 29931.

United States District Court
E. D. Pennsylvania.

April 27, 1962.

David Berger, Harold E. Kohn, Dil-
worth, Paxson, Kalish, Kohn & Dilks,
Philadelphia, Pa., for plaintiff.

Philip Price, Dechert, Price & Rhoads,
Philadelphia, Pa., for I-T-E Circuit
Breaker Co.

Louis J. Goffman, Wolf, Block, Schorr
& Solis-Cohen, Philadelphia, Pa., Jacob
Imberman, New York City, for Federal
Pacific Electric Co.

Edward W. Mullinix, Schnader, Har-
rison, Segal & Lewis, Philadelphia, Pa.,
for Allis-Chalmers Mfg. Co.

Philip H. Strubing, Pepper, Hamilton
& Scheetz, Philadelphia, Pa., for West-
inghouse Electric Co.

Henry W. Sawyer, III, Drinker, Biddle
& Reath, Philadelphia, Pa., for General
Electric Co.

Michael von Moschzisker, Wolf, Block,
Schorr & Solis-Cohen, Philadelphia, Pa.,
for Westinghouse Electric Corp.

KIRKPATRICK, District Judge.

It is unnecessary to recount the pro-
cedural steps by which this matter came
before the court for decision. Oral rul-
ings have been made by the Court (April
16, 1962), and I think it advisable to put
the reasons for them in the form of a
brief memorandum opinion.

In substance, the interrogatories ad-
dressed to the defendants ask for detailed
information (date, place, individuals
present, etc.) of meetings of officials of
the defendant corporations and competi-
tors at which prices, territories and terms
of sale of electrical equipment were dis-
cussed. The answers filed by the defend-
ants refuse to give most of the informa-
tion asked for, invoking the attorney-
client privilege. Typical answers state
(a) that the facts asked for are not
known to the "chief executive officers and

directors" of the company and (b) that the only information relevant to the interrogatories (other than a modicum of factual background voluntarily disclosed) is in the possession of counsel and was obtained by counsel in interviews conducted by him with employees of the company in order to give the company (in some cases, the employees interviewed) legal advice and prepare for the defense of criminal prosecutions.

It is too clear to require much discussion that a corporation cannot disclaim knowledge of a fact on the ground that the fact in question has not been communicated to its chief executive officers and board of directors. A corporation acquires knowledge through its officers and agents "and is charged with knowledge of all material facts of which they acquire knowledge while acting in the course of their employment and within the scope of their authority, even though they do not in fact communicate it." 19 C.J.S. Corporations § 1078, page 613. In the present case most of the acts as to which the corporation is being interrogated were the acts of high ranking officials charged with duties relating to the pricing of the company's product. These officials having been present knew about the meetings and what went on at them. The knowledge of each was the knowledge of the corporation which employed him, was acquired at the time of the meetings, and remains the knowledge of the corporation at the present time.

In these cases it is the client, a corporation and a party to the suit, who is being interrogated. Wigmore's classic statement of the rule relating to the privilege may be accepted as law, and it is not questioned that the attorney-client privilege protects the client as well as the attorney. However, it is evident that the objections are based upon a fundamental misconception of just what it is the disclosure of which is forbidden by the rule. The point which the defendants appear to have missed is that the protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?," but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

The principles stated in this memorandum are practically horn-book law and require no elaboration or citation of authorities.