**In re URANIUM ANTITRUST LITIGATION.**

**In re TENNESSEE VALLEY AUTHORITY URANIUM ANTITRUST LITIGATION.**

**No. MDL 342.**

**Master File No. 342–A.**

United States District Court,
N.D. Illinois, E.D.

Sept. 7, 1982.

Charles W. Van Beke, Asst. Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

Clarence O. Redman, Keck, Mahin & Cate, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

PRENTICE H. MARSHALL, District Judge.

There are pending cross-motions by the parties, plaintiff Tennessee Valley Authority and defendants Gulf Oil Corporation and Gulf Minerals Canada, Ltd. to compel production of documents which each party's adversary has withheld under a claim of the attorney-client privilege or work product immunity. TVA seeks access to 30,000 documents which the Gulf defendants have withheld and Gulf seeks access to 10,000 documents which TVA has withheld. The parties speak seriously of judicial inspection of these 40,000 documents. Once again, we feel that we are the audience in a production in the theater of the absurd.

A total of four briefs have been filed on the cross-motions. In none of them does counsel for either party represent that he or she has examined any of the documents in question and found it to be privileged. Indeed, in objecting to the procedure suggested by TVA, counsel for the Gulf defendants states:

> If the procedures suggested by TVA were followed, both Gulf and TVA would be required to assign senior attorneys to review a total of approximately 40,000 documents, regardless of their relevance to TVA's lawsuit.

To that we respond—what a shame! As we read the argument, it is appropriate for the court—or as Gulf suggests, a magistrate—to wade through the equivalent of 100 novels to determine the validity of the parties' blanket claims of privilege, but it would be inappropriate for "senior attorneys" who, presumably, are being compensated at today's regular hourly rates, to be called upon to review the documents.

We do not know who has concluded that these documents are privileged. Perhaps some unknown paralegal. Perhaps a computer program. So a judge or a magistrate should review the determination made by the faceless person.

We shall not do so.

The burden is upon the person who asserts the privilege to show that the document falls within the privilege. Neither party has done so here. All that has been submitted are computer lists on one hand and typed lists on the other showing from whom the documents came, to whom they were sent, and a cryptic statement as to their content. Of course we recognize some of the names as being names of lawyers. But many of the names are a mystery to us

of the same dimension as the faceless person who has determined that the documents are privileged.

On earlier occasions in this litigation we have expressed our disapproval of the blanket assertion of attorney-client privilege and work-product immunity and have made clear that the burden rests upon the person who asserts the privilege. We have been affirmed by the court of appeals of this circuit in interlocutory appeals challenging those rulings. *See Appeal of Atomic Industrial Forum, Inc.*, 665 F.2d 1049 (7th Cir. 1981). TVA and the Gulf defendants know our attitude in this regard and we shall not depart from it.

The assertions of the attorney-client privilege and work-product immunity which have been submitted to us by these parties are totally inadequate and they are overruled. The cross-motions to compel the production of documents withheld under the claim of the attorney-client privilege and work-product immunity are granted. The parties are ordered to make production within 21 days. The court will consider a motion for reconsideration only in respect to documents which are described with particularity in the motion, accompanied by a particularized assertion of the privilege, and also accompanied by the personal certification of the lawyer who will appear as lead counsel for the party at the trial of this case that he or she has personally inspected the document in question and asserts the privilege or immunity based upon a reasonable comprehension of the contents of the document, the underlying principles of law applicable to the privilege or immunity and in good faith.