**Leroy L. PORTER, Plaintiff,**

v.

**ARCO METALS COMPANY, a DIVISION OF the ATLANTIC RICHFIELD CORPORATION, Defendant.**

**No. CV 85–18–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Sept. 4, 1986.

Jon Heberling, McGowey, Lence & Heberling, Kalispell, Mont., Joan M. Jonkel, Missoula, Mont., for plaintiff.

Donald C. Robinson, Poore, Roth & Robinson, Butte, Mont., for defendant.

---

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff seeks damages for his alleged wrongful demotion in employment by defendant. Defendant moves for a protective order, pursuant to Rule 26(c), Fed.R.Civ.P., to prohibit plaintiff's counsel from interviewing former employees of defendant.

Plaintiff was an employee of defendant from 1976 through October 1985, when defendant's plant was sold to the Columbia Falls Aluminum Company and plaintiff accepted a severance package offered by defendant. Many of defendant's employees continued employment with the new company. Plaintiff alleges that in 1978 he was wrongfully demoted to a lower position in the company in retaliation for his involvement in reprimanding an employee for sexual harassment.

At some point during the course of the litigation, defense counsel learned that plaintiff and his attorney had conducted witness interviews of several individuals employed by defendant at the time of the events in question. None of the individuals contacted are presently employed by Arco.

Defendant asserts that this *ex parte* contact with its former employees violates the Rules of Professional Conduct and that in the future such contacts should be prohibited. Further, defendant requests the Court to order plaintiff to produce all written notes taken or summaries prepared by plaintiff's counsel which record those interviews already conducted.

In response, plaintiff claims that his counsel violated no rule of ethics by interviewing the former employees, for the reason that they are merely potential witnesses and thus plaintiff has every right to interview them without defendant's knowledge or consent.

Attorneys practicing before this Court are obligated to comply with the standards of professional conduct announced by the American Bar Association. *See* Rule 110–3, Rules of Procedure of the United States District Court for the District of Montana. The ABA Model Rules of Professional Conduct (hereafter "Model Rules"), recently approved by the Supreme Court of Montana, will be applied herein, although the Local Rules have not yet been modified to reflect the change.

Rule 4.2 of the Model Rules, upon which defendant grounds its motion, provides in pertinent part:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The Comment to Rule 4.2 by the A.B.A. Commission on Evaluation of Professional Standards indicates that it is intended to preclude communication by a lawyer for one party with managing agents of a party that is a corporation or organization, for the reason that such individuals speak for the corporation. The Comment adds, however, that the Rule "does not prohibit communication with lower echelon employees who are not representatives of the organization."

Defendant apparently argues that this Comment is invalid through the reasoning of *Upjohn Company v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), wherein the Court held that communications between corporate general counsel and corporate employees are protected by the attorney-client privilege.[1] The Court declined to adopt the "control group" test, which would extend the privilege only to managerial and other "decision making" employees, on the ground that it is too unpredictable, leading to disparate results among courts. *Id.* The Court carefully pointed out that the attorney-client privilege only protects against disclosure of communications. It does not protect against disclosure of the underlying facts by those who communicat-

---

[1] This holding was extended to former employees in *In re Coordinated Pretrial Proceedings*, 658 F.2d 1355, 1361 n. 7 (9th Cir.1981), *cert. denied*, 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850. *See also United States v. King*, 536 F.Supp. 253 (C.D.Cal.1982).

ed with corporate counsel. *Id.* at 395, 101 S.Ct. at 685.

> "[T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Philadelphia v. Westinghouse Electric Corp.*, 205 F.Supp. 830, 831 (E.D.Pa.1962).

*Id.* at 395–96, 101 S.Ct. at 685–86.

It is apparent from the *Upjohn* decision that while the attorney-client privilege may extend to Arco's former employees, it applies only to communications between those employees and the company's counsel. Moreover, *Upjohn* must be considered in its context—as a case concerned with what information may be protected from disclosure under the attorney-client privilege.

This case presents a different issue. It does not involve a question of whether confidential communication have been made between counsel for Arco and its present or former employees. Plaintiff's counsel has interviewed former employees of defendant as prospective witnesses. This presents no question of privilege unless counsel asks the employees to divulge confidential communications. More importantly, Rule 4.2 does not prohibit this type of conduct by a party's attorney. The comment makes clear that even current employees may be contacted *ex parte* so long as they do not have significant managerial responsibility in the matter in question.

This conclusion finds support from other courts interpreting similar situations. Under the ABA's former Code of Professional Responsibility,[2] the Supreme Court of the

State of Washington held that the plaintiff's counsel was entitled to initiate *ex parte* contacts with the defendant's employees. *Wright by Wright v. Group Health Hospital*, 103 Wash.2d 192, 691 P.2d 564 (1984). In a thorough and well-reasoned opinion, the court held that the term "party" as used in the Code of Professional Responsibility encompasses "only those employees who have the legal authority to 'bind' the corporation in a legal evidentiary sense, i.e., those employees who have 'speaking authority' for the corporation." *Id.*, 691 P.2d at 569. *See also Frey v. Dept. of Health and Human Services*, 106 F.R.D. 32 (E.D.N.Y.1985).

■ The Court agrees with the reasoning set forth in *Wright* and *Frey* and concludes that plaintiff's *ex parte* conduct is prohibited neither by Rule 4.2 nor by the attorney-client privilege, so long as plaintiff does not attempt to interview present or former employees with managerial responsibilities concerning the matter in litigation, and does not inquire into privileged areas of communication. This conclusion is consistent with the Model Rules,[3] with the *Upjohn* decision, and with the Federal Rules of Civil Procedure regarding discovery practices.

In view of this ruling, the Court need not consider defendant's arguments concerning production of notes and summaries of those interviews already conducted.

Therefore, IT IS ORDERED that defendant's motion for protective order is DENIED.

---

**2.** Former Disciplinary Rule 7–104(A)(1) contained a similar prohibition against communicating with a party represented by counsel.

**3.** The Court's holding is further buttressed by Rule 3.4(f), which allows an attorney to advise employees of a client to refrain from voluntarily giving information to another party. Arco may so advise its present employees, but has no such authority over former employees.