OIL CHEMICAL AND ATOMIC WORK-ERS INTERNATIONAL UNION ("OCAWIU"), Plaintiff,

v.

AMERICAN HOME PRODUCTS, et al., Defendants.

Civ. No. 91–1093(JP).

United States District Court, D. Puerto Rico.

April 14, 1992.

Luis P. Costas Elena, Santurce, P.R., Allan Kanner, Philadelphia, Pa., for plaintiff.

Néstor Durán, McConnel, Valdés, Kelley, Sifre, Griggs, San Juan, P.R., Pedro J. Pérez Nieves, Saldaña, Rey & Morán, Santurce, P.R., for defendants.

OPINION AND ORDER

PIERAS, District Judge.

The Court has before it plaintiff's request for production of 8,000 documents which private defendants assert contain privileged information. The Court notes from the outset that where the documents in issue contain hundreds or even thousands of pages, it is unusual for a trial

court to take on the burden of an *in camera* inspection. *Mobil Oil Corp. v. Dep't of Energy*, 102 F.R.D. 1 (N.D.N.Y.1983). Yet based upon the Court's review of the documents, we set forth the following ruling.

 The private defendants assert the attorney client privilege as its basis for not producing the 8,000 documents in a complete form.[1] It is a long established rule of common law, that an attorney is not permitted and cannot be compelled to testify as to communications made to her in her professional character by her client, unless the client consents. *American Jurisprudence, Witnesses* § 460. The underlying rationale of the attorney client privilege is the concern for full disclosure by clients of all facts necessary for securing and enforcing his rights or defending himself against civil and criminal charges. *Id.* The privilege is founded upon the belief that it is necessary "in the interest and administration of justice." *Hunt v. Blackburn*, 128 U.S. 464, 470, 9 S.Ct. 125, 127, 32 L.Ed. 488 (1932). Documents as to which the privilege is claimed, must be described with particularity and accompanied by a particular assertion of the privilege. *In re Uranium Antitrust Litigation*, 552 F.Supp. 517 (N.D.Ill.1982). This particularity requirement is satisfied by the Index of Private Defendants' Privileged Documents, which the private defendants provided in compliance with the Court's Status Conference Order.

Procedurally, the jurisdiction which supplies the applicable privilege, must be the one where the party is asserting the privilege. Fed.R.Evid. 501; 10 *Federal Procedure* § 26:42 (1988). Therefore, it is the Puerto Rico statutory attorney client privilege which must be applied in this case.[2] Title 32 L.P.R.A.App. IV, R. 25(A)(3) (1983), defines a confidential communication as "information transmitted between a client and his attorney in the course of that relationship and in confidence by a means which discloses the information to no third persons other than those to whom disclosure is necessary for the accomplishment of the purposes for which it is transmitted." Title 32 L.P.R.A.App. IV, R.25(B) provides a privilege for such confidential communications between attorney and client, and subsection (C) sets forth a list of five exceptions to the privilege.

After *in camera* inspection of the documents, the Court finds that all the documents are protected by the attorney-client privilege, except for the following:

| Bates stamp numbers: | Reason for Production |
| --- | --- |
| 001166–001172 | business memo copied to counsel |
| 008770–008773 | business meeting agenda |
| 014727–014728 | business meeting agenda |
| 020381–020382 | interoffice business memo |
| 025123 | no legal advice in memo |
| 026216 | business meeting agenda |
| 02619–026220 | interoffice business memo (with items 11. and 12. redacted to preserve confidence of legal advice). |
| 026626–026631 | communication with third party |
| 028722–028726 | interoffice business memo (with redaction of the following: second paragraph of I.1.; first two paragraphs and last paragraph of I.2.; section I.3.; second and last paragraphs of I.5.; and the last paragraph of I.6). |

1. A number of the documents in question were provided to the plaintiff in redacted form.

2. Since the attorney-client privilege exists under many of the same policies in either the federal or Commonwealth system, this Order will refer to federal case law where relevant.

The balance of the documents are protected by the attorney client privilege because we find nothing in the record which suggests that the private defendants channeled any documents into the hands of their lawyers for custodial purposes in order to avoid disclosure. *Natta v. Hogan*, 392 F.2d 686 (10th Cir.1968). Most of the documents which have been listed above for production involve communications of in house counsel in their roles as business advisers to the corporation and not as attorneys. Even though in house counsel may also benefit from the attorney-client privilege, it must be in situations where legal and not technical advice is at issue. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). *See also United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 360 (D.Mass.1950). The Court has reviewed each attorney's role in the communications in question, to determine the applicability of the privilege.

One factor which must be evaluated in order to determine whether an attorney communicated in her professional capacity as a lawyer is: whether the task could have been readily performed by a non-lawyer— as when facts are gathered for business decisions. A related factor is whether the function that the attorney is performing is a lawyer-related task such as: applying law to a set of facts; reviewing client conduct based upon the effective laws or regulations; or advising the client about status or trends in the law. *McFadden v. Norton Co.*, 118 F.R.D. 625 (D.Neb.1988) (party asserting privilege must identify attorneys working as lawyers rather than as business advisers). Thus, there is a distinction between a conference with counsel, and a business conference at which counsel was present. Documents which do not ordinarily qualify for the privilege are: business correspondence; inter-office reports; file memoranda; and minutes of business meetings. David Simon, *The Attorney–Client Privilege as Applied to Corporations*, 65 Yale L.J. 953, 980 (1956).

Wherefore, in view of the foregoing the plaintiff's request for production of documents is hereby DENIED with the exception of those documents listed above which are not protected as attorney-client privilege nor as attorney work product. Accordingly, those documents which have been listed SHALL be provided to the plaintiffs within five days. The private defendants' Motion for Certification to the First Circuit, of this issue is hereby DENIED.

The plaintiff's Motion for Consolidation with Civil No. 92–1238(RLA) is hereby GRANTED. Local Rule 302.5 The Clerk's Office shall act accordingly in consolidating the cases and reassigning another to Judge Acosta. The Court further rules that the class action in Civil No. 92–1238(RLA) shall be MAINTAINED. Fed.R.Civ.Proc. 23(c)(1). The plaintiff is ORDERED to provide all class members with notice pursuant to Federal Rule of Civil Procedure 23(c)(2). As the two consolidated cases are so closely related, the Court presumes that no further discovery will be necessary in view of the fact that all discovery has been exhausted in Civil No. 91–1093(JP). A Status Conference is hereby SET for April 24, 1992, at 2:00 p.m. Any outstanding oppositions to the dispositive motions which have been, shall be submitted within ten days. In addition, attorney Lisa DeGenova's Motion for Admission Pro Hac Vice (dkt. # 142) is hereby GRANTED.

IT IS SO ORDERED.