**MIRAMAR CONSTRUCTION CO., Plaintiff,**

v.

**The HOME DEPOT, INC., et al., Defendants.**

**No. Civ. 00–1648(JP).**

United States District Court, D. Puerto Rico.

Aug. 21, 2001.

Alfredo Fernández Martínez, Hato Rey, P.R., for plaintiff.

Roberto Santana Aparicio, Del Toro & Santana, San Juan, P.R., Miriam W. Sánchez Arroyo, Martínez Odell & Calabria, San Juan, P.R., David A. Rutherford, Atlanta, GA, for defendant.

### *ORDER*

PIERAS, Senior District Judge.

At the Further Scheduling Conference held on July 13, 2001, the parties raised the issue of whether conversations between counsel and (1) a former employee of Plaintiff, Nelson Coimbre, and (2) an independent contractor of Defendant Home Depot, John McCombs, are protected by the attorney-client privilege. The Court ordered the parties to submit briefs on the issue, and which are now before the Court (**docket Nos. 104, 107**).

■ The Court first addresses whether conversations between counsel for Plaintiff *Miramar Construction Company* and its former employee, Nelson Coimbre—who was also Miramar's designated corporate representative for a Rule 30(b)(6) deposition—are protected by the attorney-client privilege insofar as the subject matter of those conversations concerned the duties of the former employee during his tenure with the corporation. Plaintiff argues that although the Supreme Court in *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981), did not reach the question of whether the attorney-client privilege extended to former employees of a corporation, most cases reaching the issue post-*Upjohn* have found its precepts equally applicable to former employees. In *Upjohn,* the Supreme Court ruled that in the context of a corpo-

ration, the attorney-client privilege extends beyond communications between the corporate attorney and the corporation's "control group" to include communications made by a corporation's middle and lower-level employees to its attorney acting at the direction of corporate superiors to secure legal advice. *See id.* at 383, 101 S.Ct. at 677. The Court commented that:

> Middle level and indeed lower level employees can, by actions within the scope of their employment, embroil the corporation in serious legal difficulties, and it is only natural that these employees would have the relevant information needed by the corporate counsel if he [or she] is adequately to advise the client with respect to such actual or potential difficulties.

*Id.* at 391, 101 S.Ct. at 683. The Court, however, specifically declined to decide whether its ruling would apply to former employees. *See id.* at 394 n. 3, 101 S.Ct. at 685 n. 3.

Puerto Rico law governs the issue of attorney-client privilege. Rule 25 of the Puerto Rico Rules of Evidence defines a confidential communication between attorney and client as "information transmitted between a client and his attorney in the course of that relationship and in confidence by a means which discloses the information to no third persons other than those to whom disclosure is necessary for the accomplishment of the purposes for which it is transmitted." P.R.Laws Ann. tit. 32, App. IV, R. 25(A)(3). There is very little case law from the Puerto Rico Supreme Court interpreting the contours of this provision, and none on point. However, as this Court has observed previously, because the attorney-client privilege operates under many of the same principles in Puerto Rico law as under federal law, the Court will rely on federal case law where relevant. *See Oil Chemical & Atomic Workers Intern. Union (OCAWIU) v. American Home Products,* 790 F.Supp. 39, 40 (D.Puerto Rico 1992) (Pieras, J.).

Other federal courts, including some in this circuit, have applied the principles of *Upjohn* to communications with former employees. *See, e.g., In Re: Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 658 F.2d 1355 (9th Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982); *Chancellor v. Boeing Co.,* 678 F.Supp. 250, 253 (D.Kan.1988); *Amarin Plastics, Inc. v. Maryland Cup Corp.,* 116 F.R.D. 36, 41 (D.Mass.1987); *Command Transp., Inc. v. Y.S. Line (USA) Corp.,* 116 F.R.D. 94, 96–97 (D.Mass.1987); *Porter v. Arco Metals, Div. of Atlantic Richfield,* 642 F.Supp. 1116, 1117–18 (D.Mont.1986). As the Ninth Circuit reasoned, "[f]ormer employees, as well as current employees, may possess the relevant information needed by corporate counsel to advise the client with respect to actual or potential difficulties." *In Re: Coordinated Pretrial Proceedings,* 658 F.2d at 1361 n. 7. Further, the Massachusetts district court, concluded that the privilege should apply to former employees where such would "foster the flow of information to corporate counsel regarding issues about which [the corporate defendant] was specifically seeking legal advice" and concerned actions taken by the former employee. *Command Transp.,* 116 F.R.D. at 96. This Court finds the reasoning of these courts convincing, as it is consistent with the purposes underlying the attorney-client privilege, to wit: to safeguard the communications between lawyer and client to encourage disclosures by the client to counsel that better enables the client to conform its conduct to the law and to present legitimate claims and defenses when litigation arises. *See United States v. Massachusetts Inst. of Tech.,* 129 F.3d 681, 684 (1st Cir.1997). This Court there-

fore holds that the principles of *Upjohn* apply to current as well as former employees.

■ The attorney-client privilege cloaks a former employee's communications with counsel only if (1) the communication was made for the purpose of securing legal advice; (2) the employee made the communication at the direction of his corporate superior; (3) the subject matter of the communication is within the scope of the employee's corporate duties; and (4) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents. *See United States v. Wilson,* 798 F.2d 509, 512 (1st Cir.1986); *In re Bieter Co.,* 16 F.3d 929, 936 (8th Cir.1994). Here, the communications Plaintiff Miramar seeks to protect took place between its former employee Nelson Coimbre, former Chief Estimator of Constructor for Miramar in charge of preparing the estimates for the construction of the Home Depot store in Plaza del Sol. The communications concerned the preparation of a $1.5 million claim negotiated between Coimbre and Home Depot's Lucy Pérez. The Court finds that such communications fall squarely within the scope of the attorney-client privilege. It emphasizes, however, that the underlying facts are not protected by the privilege; only the communications with counsel are protected. *See Upjohn,* 449 U.S. at 395, 101 S.Ct. at 685; *see also United States v. Billmyer,* 57 F.3d 31, 36 (1st Cir.1995).

■ The Court now turns to John McCombs. Extending the attorney-client privilege to McCombs would require stretching *Upjohn* one step further, as McCombs is not a former employee of Defendant Home Depot, but a former independent contractor. Plaintiff Miramar advocates the privilege not be extended as such, analogizing the communications be-

tween counsel for Defendant and McCombs as between counsel and an independent witness. Defendant Home Depot, on the other hand, emphasizes the closeness of McCombs' working relationship with Home Depot to analogize him to an employee. Home Depot argues, for example, that McCombs was for all intents and purposes an employee of Home Depot in view of the fact that (1) he was an "on site representative" during the construction of the Home Depot store in Plaza del Sol for 18 months; (2) he acted under the direct supervision of Lucy Pérez, the Plaza del Sol store project manager; and (3) pursuant to the terms of his independent contractor agreement, he was charged with performing sensitive and confidential services for Home Depot. The Court does not find such factors sufficiently compelling to justify extending the attorney-client privilege to communications between McCombs and corporate counsel for Home Depot. To do so would represent a tremendous expansion of the privilege beyond corporate employees to any individual contractually associated with a corporation on a full-time basis for some period of time. This Court declines to take such a path, in view of the important principle that the privilege is to be "narrowly confined because it hinders the courts in the search for truth." *Massachusetts Inst. of Tech.,* 129 F.3d at 684–85 (citing *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976)); *see also Alexander v. Federal Bureau of Investigation,* 192 F.R.D. 12, 16 (D.D.C.2000).

In the case of McCombs, the preceding discussion refers generally to conversations taking place between McCombs and counsel for Defendant Home Depot during the course of McCombs' tenure as independent contractor for Home Depot. The Court wishes to clarify, however, that communications between counsel for Home

Depot and McCombs in preparation for McCombs' deposition may be protected from disclosure by virtue of the work-product doctrine, which protects the mental impressions, conclusions, opinions or legal theories of an attorney concerning the litigation. *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Alexander,* 192 F.R.D. at 17.

**IT IS SO ORDERED.**