In re UNILIN DÉCOR N.V. and Unilin Beheer B.V., Petitioners.

No. MISC. 802.

United States Court of Appeals, Federal Circuit.

Oct. 19, 2005.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

### ORDER

GAJARSA, Circuit Judge.

Unilin Décor N.V. and Unilin Beheer B.V. (Unilin) petition for a writ of mandamus to direct the United States District Court for the Eastern District of Wisconsin to vacate its order allowing Alloc, Inc. to depose certain persons concerning matters that Unilin asserts are protected by the work product privilege.

Unilin is suing Alloc for infringement of Unilin's patent. At depositions, Unilin witnesses were questioned regarding tests they performed on the accused product. Counsel for Unilin instructed the witnesses not to answer regarding certain tests that were performed in preparation for litiga-tion and initiated by counsel's request. Alloc moved to compel Unilin witnesses to answer questions regarding testing of the alleged infringing product or, in the alternative, to bar Unilin from introducing other evidence regarding the testing of the accused product.

The district court granted in part the relief that Alloc sought. The district court ordered that Alloc could elicit from the witnesses "facts about what tests and/or studies were done in anticipation of litigation, facts derived from such testing and/or studies, and facts about the existence or non-existence of documents relating to such testing and/or studies, even though the related documents themselves may not be subject to discovery. However, insofar as Alloc seeks to elicit the deponents' knowledge of the accused product test or study results indicating infringement of the Unilin patent claims, those questions are improper as tending to disclose the mental impressions, conclusions, opinions, or legal theories of Unilin's attorneys."

Unilin petitions for a writ of mandamus, challenging the order permitting limited deposition questions. Unilin broadly argues that the district court erred in "compelling deposition testimony regarding facts pertaining to product testing initiated by an attorney in anticipation of or during litigation."

The district court allowed three inquiries: (1) questions about what tests were performed, (2) questions about facts derived from such tests, and (3) questions about the existence of documents relating to the tests. Unilin argues that the district court improperly allowed Alloc to ask questions that will "largely disclose any facts contained in the 'related documents,' which the Court acknowledged 'may not be subject to discovery.'"

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In Re Cordis Corp.*, 769 F.2d 733, 737 (Fed.Cir.1985).

Unilin has not met its burden to obtain mandamus relief, i.e., it has not shown that the district court clearly and indisputably erred in permitting limited deposition questions. The district court allowed inquiry into facts regarding the tests themselves but not any facts that would divulge legal strategies and legal impressions. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir.1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product."). *Cf. Upjohn Co. v. United States*, 449 U.S. 383, 395–96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (quoting *City of Philadelphia v. Westinghouse Electric Corp.*, 205 F.Supp. 830, 831 (E.D.Pa. 1962))("[T]he protection of the [attorney-client] privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.").

The determination of what is a legal strategy and what is a discoverable fact is undoubtedly a tough line to draw and, in the absence of a showing of clear abuse of discretion, is best left to the supervision of the trial judge on a case-by-case basis. *See Upjohn*, 449 U.S. at 396–97, 101 S.Ct. 677 (cases concerning privilege must be decided on a case-by-case basis).

Accordingly,

IT IS ORDERED THAT:

The petition is denied.