UNITED STATES of America,
Plaintiff,

v.

W. R. GRACE, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, O. Mario Favorito, Robert C. Walsh, Defendants.

No. CR 05-07-M-DWM.

United States District Court,
D. Montana,
Missoula Division.

Nov. 22, 2005.

William B. Jacobson, Laurence A. Urgenson, Kirkland & Ellis LLP, Tyler D. Mace, Gary A. Winters, Mayer Brown Rowe Maw LLP, Washington, DC, Carl J. Oreskovich, Holden & Oreskovich, Spokane, WA, Charles E. McNeil, Stephen R. Brown, Jr., Kathleen L. Desoto, Garlington, Lohn & Robinson PLLP, C.J. Johnson, Kalkstein Law Firm, Missoula, MT, David S. Krakoff, Ronald F. Waterman, Gough Shanahan Johnson Waterman, Palmer A. Hoovestal, Hoovestal Kakuk & Fanning, Helena, MT, Elizabeth Van Doren Gray, Sowell Gray Stepp & Lafitte, Columbia, SC, William A. Coates, Roe Cassidy Coates & Price, Greenville, SC, Stephen A. Jonas, Wilmer Cutler Pickering Hale Dorr, Boston, MA, Keith Strong, Dorsey & Whitney, PC, Great Falls, MT, for Defendants.

### ORDER

MOLLOY, Chief Judge.

### I. Introduction

Before the Court is a motion by the United States for an order authorizing the

government to initiate *ex parte* communications with all former employees of Defendant W.R. Grace and Co. ("Grace"). The government contends that such communications are permitted by Local Rule 83.13, which incorporates the American Bar Association ("ABA") Model Rules of Professional Conduct as well as the Montana Rules of Professional Conduct. Grace argues that case law interpreting Local Rule 83.13 prevents the government from contacting former employees unless (1) the former employee worked in a non-managerial capacity and (2) the government does not intend to impute the conduct of the former employee to Grace.

## II. Factual Background[1]

Only July 20, 2005, government investigators working on the instant case contacted a current Grace employee, apparently under the mistaken belief that the employee no longer worked for the company. Investigators ceased contact upon learning of the witness' employment status, and so began a series of exchanges between counsel for the government and counsel for the defense over the extent to which the Local Rules and Rules of Professional Conduct authorize *ex parte* communication by the government with former Grace employees. The parties were unable to reach an agreement, resulting in the government's motion for an order authorizing contact with all former Grace employees.

## III. Analysis

Local Rule 83.13 provides as follows:

The standards of professional conduct of attorneys practicing in this Court shall include the American Bar Association's Model Rules of Professional Conduct and the Montana Rules of Professional Conduct. For a willful violation of any of these Professional Rules or of L.R. 83 in connection with any matter pending before this Court, an attorney may be subjected to appropriate disciplinary action by the Court or by any judge of the Court. In addition, the Court may refer the matter to the appropriate Commission on Practice for disciplinary proceedings.

Rule 4.2 of the ABA's Model Rules provides:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

The Montana Supreme Court has adopted the ABA's Model Rule 4.2 as Montana Rule of Professional Conduct 4.2, but has not adopted the comments to ABA Model Rule 4.2. Prior to the 2002 changes to the ABA's Model Rules, issues relating to represented organizations were addressed in Comment 4, which read in its entirety:

In the case of an organization, the Rule prohibits communications by a lawyer for another person or entity concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule.

---

1. The facts of this case are well known to the parties and will be discussed herein only to the extent necessary to address the issues raised by the present motion.

Following the 2002 changes, Comment 7 deals with represented organizations and expressly excludes former employees from the list of persons with whom *ex parte* contact is prohibited under Rule 4.2. Comment 7 now provides in relevant part:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. *Consent of the organization's lawyer is not required for communication with a former constituent.*

ABA Model Rules of Professional Conduct R. 4.2, cmt. 7 (emphasis added).

The government relies on Comment 7 for its view that L.R. 83.13 authorizes communication with all former Grace employees, regardless of rank. Grace contends that the Court should be guided not by the recent changes to the comments accompanying ABA Model Rule 4.2, but rather by Montana federal district court rulings interpreting the Local Rules. Specifically Grace relies on the opinions in *Porter v. Arco Metals Co.*, 642 F.Supp. 1116 (D.Mont.1986), and *Harry A., et al., v. Duncan*, 330 F.Supp.2d 1133 (D.Mont. 2004).

The first of those cases, *Porter*, involved an employee's claim against his former employer for wrongful demotion in em-ployment. Upon learning that the plaintiff and his counsel had conducted interviews of former employees of the defendant company, the company moved for a protective order to prohibit any further *ex parte* contact between the plaintiff's counsel and former employees of the company. The court looked to the Local Rules, which at the time required that attorneys practicing before the court comply with the standards of professional conduct announced by the ABA. 642 F.Supp. at 1117.

The court relied upon ABA Model Rule 4.2 [2] and the comments thereto in concluding that the rules of conduct prohibit *ex parte* contact with only those current employees who have managerial status and allow *ex parte* contact with "lower echelon" employees. 642 F.Supp. at 1117. The court then relied on cases from other jurisdictions to extend Rule 4.2 to cover both current and former employees:

> The Court agrees with the reasoning set forth in *Wright* and *Frey* [3] and concludes that plaintiff's *ex parte* conduct is prohibited neither by Rule 4.2 nor by the attorney-client privilege, so long as plaintiff does not attempt to interview present or former employees with managerial responsibilities concerning the matter in litigation, and does not inquire into privileged areas of communication. This conclusion is consistent with the Model Rules[.]

*Id.* at 1118.

The second case upon which Grace relies is *Harry A.*, decided in 2004. In that case, plaintiff female students and their parents sued Powell County School District admin-

---

**2.** At the time *Porter* was decided, the text of Model Rule 4.2 was nearly identical to the current version. The only difference is that the current Model Rule 4.2 adds that *ex parte* contact with a represented party is permissible if authorized by a court order.

**3.** *Wright by Wright v. Group Health Hospital,* 103 Wash.2d 192, 691 P.2d 564 (1984), and *Frey v. Dept. of Health and Human Services,* 106 F.R.D. 32 (E.D.N.Y.1985), are both cases interpreting the ABA's former Code of Professional Responsibility, which has been replaced by the Model Rules of Professional Conduct.

istrators, alleging the administrators had violated the plaintiffs' constitutional rights by failing to detect and prevent a scheme whereby male students secretly viewed and videotaped female students in the school locker room. Following defense counsel's assertion that it represented all current and former employees of the defendant school district, the plaintiffs sought an order allowing them to initiate *ex parte* contact with all former employees and all non-managerial current employees. 330 F.Supp.2d. at 1137.

The court in *Harry A.* correctly began its analysis by noting that Local Rule 83.13 incorporates the standards of conduct set forth in the Model Rules and the Montana Rules of Professional Conduct, *id.* at 1136, but in considering those rules the court relied upon an outdated version of Model Rule 4.2. *Id.* at 1137 (quoting the pre-2002 version of Rule 4.2), 1139 (referring to the pre-2002 comments to Model Rule 4.2). The *Harry A.* court also looked to the *Porter* decision, which held, also based on the pre-2002 version of Rule 4.2, that former managerial employees are included within the scope of the anti-contact rule. *Id.* at 1141. Relying on *Porter* and the pre-2002 version of Model Rule 4.2, the court in *Harry A.* reached the following conclusion:

> Although the authority on this issue is split, it is the law of this district, and not the Restatement, that provides the precedent binding on this Court. This Court must follow *Porter.* Therefore, the anti-contact rule applies to former as well as current district managerial employees.

*Id.*

The *Harry A.* Ruling is correct in stating that is it the law of the district that is binding on the Court. However, the relevant law of the district in this case is Local Rule 83.13 establishing the standard of professional conduct. L.R. 83.13 incorporates the ABA Model Rules and the Mon-

tana Rules of Professional Conduct, and in the absence of any indication to the contrary the Court assumes that the Local Rules, which recently have been revised on a yearly basis, incorporate the most current version of those rules of conduct. Accordingly, the decision in *Porter,* based on the pre-2002 version of Model Rule 4.2, is not necessarily authoritative as the court in *Harry A.* assumed. Both the text and comments of Rule 4.2 changed in 2002, although the opinion in *Harry A.* does not reflect those changes. Presumably, Local Rule 83.13 changed when the ABA Model Rules changed, meaning it is entirely appropriate for the Court to reconsider the reach of Model Rule 4.2's anti-contact rule as it relates to former employees, and to so without any deference to *Porter* or *Harry A.,* both of which are based on a prior version of the Model Rules.

Grace argues that the ABA is not a binding authority on this Court and cannot change the law of the district by revising its Model Rules. Grace is correct that the ABA is not a binding authority, but fails to appreciate the fact that the Court has adopted standards promulgated by the ABA to serve as the Court's standards of professional conduct. The authority remains with the Court; if the ABA's revised standards are not satisfactory, the Court is free to adopt them only in part, or to abandon them altogether and establish different standards of conduct. The Court has had several opportunities to make any necessary amendments to L.R. 83.13 following the ABA's 2002 revisions, and has declined to do so.

Accordingly, the standards of conduct applicable in this case are those set forth in the current version of Model Rule 4.2. As noted above, Comment 7 to Model Rule 4.2 states unequivocally, "Consent of the organization's lawyer is not required for communication with a former constituent."

Neither the text nor the comments of Model Rule 4.2 make any effort to distinguish between former managerial employees and former "lower echelon" employees. Under the current version of Model Rule 4.2, as incorporated by Local Rule 83.13, the government does not violate the ethical standards of this Court by initiating *ex parte* contact with former Grace employees.[4]

## IV.  Order

Based on the foregoing, IT IS HEREBY ORDERED that the government's motion for an order authorizing *ex parte* contact with former Grace employees (dkt # 185) is GRANTED insofar as the Court finds that such conduct by the government will not violate L.R. 83.13.

---

4. This conclusion should not be interpreted as commenting on the admissibility of any evidence or testimony gathered as a result of such *ex parte* contact which might be offered at trial by the government.