UNITED STATES of America
ex rel. et al., Plaintiffs,

v.

DAVITA, INC. et al., Defendants.

Civil Action No. 1:07–CV–2509–CAP–JSA.

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed March 31, 2014.

Christopher E. Adams, Jeffrey D. Horst, Krevolin & Horst LLC, Jonathan David Grunberg, Katherine V. Hernacki, L. Lin Wood, Jr., Stacey Godfrey Evans, Wood, Hernacki & Evans, LLC, Zahra S. Karinshak, Krevolin & Horst LLC, Atlanta, GA, for Plaintiffs.

Brian T. Ross, Grant J. Harvey, Gibbs & Bruns, LLP, Houston, TX, Laura McLane, Mark W. Pearlstein, McDermott Will & Emery, LLP–MA, Boston, MA, Bobby Lee Cook, Cook & Connelly, Summerville, GA, John H. Rains, IV, Benjamin E. Fox, Homer Lamar Mixson, John Earl Floyd, Randi Engel Schnell, Alison B. Prout, Christopher Todd Giovinazzo, Elizabeth Grace Eager, Bondurant Mixson & Elmore, LLP, Atlanta, GA, for Defendants.

## *ORDER*

JUSTIN S. ANAND, United States Magistrate Judge.

Plaintiffs have challenged Defendants' withholding of approximately 2,000 documents on grounds of attorney-client privilege and/or attorney work product. Plaintiffs argue that Defendants' designations are inadequate and fail to establish the privileged nature of the withheld documents. Plaintiffs thus move to compel production [437]. Defendants oppose Plaintiffs' Motion. *See* Def. Resp. [447]. Defendants provided the Court with copies of the documents at issue for an *in camera* review along with *ex parte* copies

of several declarations in support of certain claims of privilege.

The Court has completed its document-by-document *in camera* review, and hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Compel [437] with regard to the documents Defendants have withheld as privileged.[1] The Court attaches several tables that reflect its individual rulings on the contested items. The Court cannot and has not provided individualized discussion of every document. Rather, the Court will use the body of this Order to discuss certain overall legal standards that the Court applied and how the Court handled certain specific, repeating issues.[2]

The Court's summary treatment of the majority of the contested documents is necessitated by the sheer volume of the material in question. The Court reviewed approximately 2,000 documents held in over 20 binders that is described in several privilege and redaction logs totaling nearly 250 pages. Thus, it is not possible for the Court to articulate every consideration and every issue raised during its very lengthy and complicated *in camera* review. The Court has attempted to strike a balance between providing as much analysis as reasonably possible while at the same time efficiently accomplishing the review and rendering rulings so as to not further delay this case.

## I. GENERAL LEGAL STANDARDS

### A. The Attorney–Client Privilege, Generally

▆▆▆ Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b). " 'The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice.' " *In re Grand Jury Proceedings 88–9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir.1990) (*quoting In re Grand Jury Subpoena of Slaughter*, 694 F.2d 1258, 1260 (11th Cir.1982)). Recognition of the attorney-client privilege is intended to encourage frank communication with an attorney. *See Swidler & Berlin v. U.S.*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998).

▆▆▆ The party claiming the privilege bears the burden of proving the existence of the privilege. *See, e.g., In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1225 (11th Cir.1987). The party claiming the privilege must generally establish the following elements: (1) the holder of privilege is a client; (2) the person to whom communication was made is a member of the bar and that person is acting as a lawyer in connection with the communication; (3) the communication relates to a fact of which attorney was informed by the client without the presence of strangers for the purpose of securing legal advice; and (4) the privilege is claimed and not waived by the client. *See In re Grand Jury Proceedings 88–9 (MIA)*, 899 F.2d at 1042.

### B. Corporate Communications

The application of the attorney-client privilege to internal corporation communications

---

1. The Court previously ruled on other matters raised in the Motion to Compel [437] by Order dated September 4, 2013 [521], but reserved ruling on the disputed assertions of privilege at that time. *See* Order [521] at 1.

2. Defendants submitted documents over time to the Court. The Court attaches different tables relating specifically to the various document productions that were submitted. For the sake of efficiency, the Court did not include every entry in these tables. The Court only included entries that required some discussion. To the extent an entry is not listed in the pertinent table, the Court is upholding the claim of privilege and denying relief to Plaintiffs.

The tables include the document number and other identifying information for each entry, as well as a column entitled "Ruling." The entry for this column in each case will be one of four options: "D" (indicating that Plaintiffs' motion is **DENIED** as to that particular document); "G" (indicating that Plaintiff's motion is **GRANTED** as to that particular document, and that the document must be produced); "R" (indicating that the Court is **GRANTING IN PART** the motion as to that document, but finding that some material within the document is privileged and may be or continue to be redacted); or "O" (indicating that the Court is issuing some other order relating to this entry, typically requesting more information). Unless otherwise stated, the Court **ORDERS** Defendants to respond to any action demanded of them by this Order or any of the entries in the attached tables within **thirty (30) days** of the date of this Order.

is a subject of much litigation and is the crux of many of the legal issues before the Court on this motion. It has long been determined that corporations are entitled to invoke the attorney-client privilege. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) ("It is by now well established ... that the attorney-client privilege attaches to corporations as well as to individuals."). But the exact scope of that privilege is more controversial in certain scenarios, including where communications are copied to lawyers and non-lawyers within a corporation; where lawyer advice may be discussed among non-lawyers; or where an in-house (or outside) lawyer provides both legal and business advice. The Court discusses the standards it has applied in this case in the pages that follow.

### C. *In Camera* Review

■ *In camera* review is not appropriate merely because a party objects to the assertions of privilege. *See U.S. v. Zolin*, 491 U.S. 554, 571–572, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). And it is not a basis upon which any party can shift a burden to the Court that they should bear themselves. Nevertheless, where there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its discretion as to whether *in camera* review is appropriate under the circumstances presented. *See id.*

■ Here, Plaintiffs make a *prima facie* showing, among other things, that Defendants have withheld many hundreds of communications among employees about medical, billing and financial issues, some of which communications do not involve attorneys at all, and many of which involve only in-house attorneys allegedly serving legal and non-legal functions. As discussed below, the Court disagrees with Plaintiff that entire categories of such documents can be denied privileged status as a matter of law, based solely on the descriptions. Rather, as discussed below, the only way to effectively review many of the assertions of privilege in this case is to undertake a document-by-document *in camera* review. The Court has done so, applying the legal standards identified herein.

## II. ANALYSIS

### A. Communications Among Non-Lawyers

■ First, to the extent Plaintiffs argue that an internal corporate communication is necessarily non-privileged because it was between non-attorney employees, *see* Pl. Brf. [437–1] at 12, the Court rejects that assertion. As a general matter,

> simply because a communication is made between two corporate employees, neither of whom are attorneys, that fact is not determinative of whether that communication primarily involves business advice rather than legal advice for purposes of applying the attorney-client privilege to that correspondence. To conclude otherwise would result in a somewhat absurd finding that a document generated for purposes of obtaining and/or assisting in the transmission of legal advice would not only lose its privileged character, but would be artificially viewed as primarily a business communication merely because the author and recipient were not attorneys.

*In re Denture Cream Products Liab. Litig.*, No. 09–2051–MD, 2012 WL 5057844, at *13 (S.D.Fla. Oct. 18, 2012); *see also In re Vioxx Products Liab. Litig.*, 501 F.Supp.2d 789, 811 (E.D.La.2007) (finding that privilege applies not only to communications between corporate employees and corporation's counsel, but also to communications among corporate employees discussing or transmitting counsel's advice); *Weeks v. Samsung Heavy Indus. Co.*, No. 93–C–4899, 1996 WL 341537, at *4 (N.D.Ill. June 20, 1996) ("A privileged communication does not lose its status as such when an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation. Management personnel should be able to discuss the legal advice rendered to them as agents of the corporation.") (internal citations omitted).

■ Thus, the lack of attorneys on either side of an otherwise confidential corporate communication is not fatal to a claim of privilege. The Court, rather, must examine the claims of privilege individually to ascertain whether the documents are entitled to attor-

ney-client protection. Nevertheless, the Court has considered the lack of any lawyer involvement in any particular communication as a factor tending to weigh against Defendants in showing the privileged nature of that communication. The ultimate touchstone for application of the privilege as to these documents is whether the communication revealed advice from, or a request for advice made to, an attorney in some fashion.

■ A specific category of privilege designations to which Plaintiffs object reflect communications not directly involving attorneys, but rather requesting or transmitting information "at the direction of counsel." Pl. Brf. [437–1] at 15. For the reasons stated above, the Court declines to find that such documents are categorically non-privileged. Rather, the Court has individually reviewed these and other documents pursuant to the standards outlined herein. In reviewing such documents, the Court finds that the mere allegation in the privilege log that a document was prepared and transmitted "at the direction of counsel" does not in itself support a claim of privilege. Rather, the Court looked to the communication itself and other evidence provided to clearly show whether the communication was principally intended to gather facts for ultimate dissemination to a lawyer for that lawyer's legal advice. Where the only information presented was an allegation in the log itself that a document was prepared or transmitted "at the direction of counsel," the Court generally denied the claim of privilege. *See, e.g.*, Nos. 68–70.

### B. Communications with Corporate Lawyers

#### 1. *Primary Purpose To Relay Or Request Legal Advice*

■ By the same token, a communication is not necessarily privileged simply because a company lawyer is copied. Rather, Defendants must show, irrespective of whether one or more lawyers sent or received the communication, that the communication was confidential and that the primary purpose of the communication was to relay, request or transmit legal advice. *See, e.g., U.S. ex rel. Baklid–Kunz v. Halifax Hosp. Med. Cen.*, 6:09–cv–1002–Orl–31TBS, 2012 WL 5415108, at *4 (M.D.Fla. Nov. 6, 2012).

Thus, "[w]here a lawyer provides non-legal business advice, the communication is not privileged." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3rd Cir.2007). Similarly, because the privilege only applies to communications made in confidence, a communication loses its protection if made in the presence of third parties, *see id.*, or disseminated beyond the group of corporate employees "who have a need to know in the scope of their corporate responsibilities." *In re Vioxx*, 501 F.Supp.2d at 796.

■ "[C]ommunications between corporate client and outside litigation counsel are cloaked with a presumption of privilege." *Baklid–Kunz*, 2012 WL 5415108 at *3. "Communications between corporate client and corporate counsel," however, "involve a much different dynamic," and the party invoking the privilege must clearly show that the primary purpose of the communication was, in fact, for legal advice. *Id.*

■ Nevertheless, Defendants here operate in the heavily-regulated, closely-overseen world of health care services and billing for such under federal programs such as Medicare. The Court recognizes that

[b]usiness entities, like the [D]efendants, operating in today's labyrinthine legal and regulatory environments, routinely seek legal advice about how to deal with all sorts of matters.... There is nothing inherently suspicious about the officers of a corporation seeking such advice, and the attorney-client privilege exists to promote and protect those kinds of endeavors.

*In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 424 (N.D.Ill.2006).

■ As generally disclosed on Defendants' privilege log, many of the withheld documents discuss in some way the advisability and/or implementation and/or billing implications of certain medical practices. In some instances, as noted in the attached tables of rulings, the Court rejects the claim of privilege because it is not evident that the primary purpose of the communication was legal, as opposed to business, advice. However, if the primary purpose of the communication appeared to be a request or transmission of legal advice, the Court upheld the

claim of privilege even if there were some incidental business advice discussed. Given the heavily-regulated nature of Defendants' business, the Court took "a broad view of legal advice in applying the privilege, in recognition of the unique role that an attorney brings to bear in imparting advice that may incidentally also involve business advice." *U.S. Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F.Supp. 156, 160 (E.D.N.Y.1994). In the end, the Court's determination required an individualized, document-by-document review as reflected in the attached tables.

### 2. *Transmission of Business Records And Communication Of Facts To Attorneys*

It is well-established that the attorney-client privilege applies only to communications, and does not protect disclosure of the underlying facts by those who communicated with the attorney. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 395–396, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). In other words:

> [T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Id.* (quoting *City of Philadelphia, Pa. v. Westinghouse Elec. Corp.*, 205 F.Supp. 830, 831 (E.D.Pa.1962)).

While facts themselves are not privileged, a confidential attorney-client communication that includes or discusses facts may be privileged if it otherwise meets the necessary elements. *See Oasis Int'l Waters, Inc. v. U.S.*, 110 Fed.Cl. 87, 99 (2013) ("Underlying facts ... are independently discoverable, but the facts that a client included in a request for legal advice to assist the attorney in providing legal services are privileged in the context of an attorney-client communication."). It remains, however, that the privilege applies to the communication (which may include discussions of fact) but not to the facts themselves.

Many of the items listed on Defendants' privilege logs are emails or other communications to or from lawyers that attach draft documents. The Court generally finds that the attorney-client privilege applies to confidential, non-public drafts of documents which were prepared by an attorney at the request of the client; communications attaching a draft to an attorney with a request for legal advice regarding its content; or communications that contain notes or comments of the attorney reflecting legal advice regarding a document's content. *See United Food and Commercial Workers Union v. Chesapeake Energy Corp.*, No. CIV–09–1114–D, 2012 WL 2370637, at *10–11 (W.D.Okla. June 22, 2012). Indeed, the proper drafting of sensitive business documents "is often the type of communication at the core of the attorney-client privilege," and attorney-client communications discussing and attaching such drafts should generally be entitled to a privilege. *Id.* at *10 (internal citations omitted). Thus, the Court in its *in camera* review has treated drafts of documents included within or attached to attorney-client communications discussing the contents of those drafts as part of the communication itself, and subject to a claim of privilege.

However, the Court in its *in camera* review generally rejected Defendants' claims of privilege where a copy of a draft business document was simply distributed to an attorney without a request for legal comment or advice; without comments or notes made by the attorney reflecting legal advice; or lacking other circumstances in which the distribution of the document reflected a request for legal advice.

From time to time, Defendants also withheld as privileged finalized, non-draft business documents that were transmitted to lawyers. The Court attempted to review these communications to determine whether the transmission of the business document was part of, or otherwise reflected, a request for legal advice. If so, the Court generally upheld the claim of privilege as to the communication as a whole, including the business document. If not, the Court generally overruled the claim of privilege.

It remains the communication that is potentially privileged, including, as appropriate, business documents attached to a communication. If the same business document exists apart from an attorney-client communication, it is not entitled to privileged status simply because the draft was at some point the subject of an attorney-client communication.

## C. Defendants' Privilege Log

██ The mere assertion of attorney-client privilege is not enough; the party asserting the privilege bears the burden of establishing all of its essential elements. *See U.S. v. BDO Seidman,* 337 F.3d 802, 811 (7th Cir.2003). "A privilege log has become an almost universal method of asserting privilege under the Federal Rules." *Caudle v. Dist. of Columbia,* 263 F.R.D. 29, 35 (D.D.C. 2009).

Whether by privilege log or otherwise, Rule 26 requires that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED.R.CIV.P. 26(b)(5).

██ A privilege log is not itself evidence of the existence of a privilege; rather, Fed.R.Civ.P. 26(b)(5) requires the withholding party to create a log to alert the opposing parties that documents have been withheld on grounds of privilege, and to provide enough information about the basis of the claim to "enable other parties to assess the claim." FED.R.CIV.P. 26(b)(5)(A)(ii). If a claim of privilege is challenged, including by way of an *in camera* review, the party asserting the privilege is obligated to establish the requisite factual predicate for the claim by "competent evidence." *Zelaya v. UNICCO Serv. Co.,* 682 F.Supp.2d 28, 38 (D.D.C. 2010) (internal quotations omitted). A claim

of privilege may be defeated by an inadequate log, but it cannot be sustained purely on the basis of unsworn information in a privilege log.

Plaintiffs argue that numerous entries on Defendants' privilege log are insufficient and thereby deny Plaintiffs the ability to assess the claim. The Court has reviewed the entries in question along with the content of the withheld documents, and where it has identified shortcoming in Defendants' log entries, the Court identifies those deficiencies in the attached table.

A specific issue Plaintiffs raised is the proper logging of email "strings." Many of Defendants' 2,000 withheld documents are emails, and many of those documents actually include multiple emails in a single "thread" or "string." [3]

In their log, Defendants made individual entries to reflect entire strings of emails, which strings included one or more emails allegedly constituting attorney-client communications. Generally, it appeared that any individual entry only listed the date, sender and recipient(s) of the last message in the string of emails constituting the document logged in that entry. Plaintiffs contend that Defendants were obliged to individually log every email within every string, and that any privilege should be deemed waived as to the email string documents not logged in this manner. Plaintiffs alternatively demand that Defendants be ordered to correct their log.

How email "strings" should be logged is the subject of emerging case law, and various courts have offered different positions. *Compare Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.,* 254 F.R.D. 238, 240–241 (E.D.Pa.2008) (finding that each individual email within a string is a separate document that, if withheld, should be separately logged); *In re Universal Serv. Fund Tel. Billing Practices Litig.,* 232 F.R.D. 669, 671 (D.Kan.2005) (same); *Muro v. Target Corp.,* 250 F.R.D. 350, 362–363 (N.D.Ill.2007) (privilege can extend to the entire document, including forwarded emails in a string, depending on the content, and an entire string can

---

**3.** An email "thread" or "string" is an email message and a running set of all the subsequent replies pertaining to that original email as maintained by a recipient.

be logged as one). No binding precedent exists in the Eleventh Circuit, at least insofar as the parties have identified or that the Court has found.

The emerging majority view appears to be that individual emails within a string should be separately logged in some fashion. *See, e.g., BreathableBaby, LLC v. Crown Crafts, Inc.*, No. 12–CV–94, 2013 WL 3350594, at *10 (D.Minn. May 31, 2013) ("Recently, however, courts are moving in the direction of requiring litigants to log separately each e-mail in a string.") (*citing In re Vioxx Products Liab. Litig.*, 501 F.Supp.2d 789, 812 (E.D.La.2007) ("Simply because technology has made it possible to physically link these separate communications (which in the past have been separate memoranda) does not justify treating them as one communication and denying the demanding party a fair opportunity to evaluate privilege claims raised by the producing party.")); *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, No. C 07–1359 PJH (JL), 2008 WL 4547190, at *1 (N.D.Cal. Oct. 10, 2008) ("Each e-mail is a separate communication, for which a privilege may or may not be applicable. Defendants cannot justify aggregating authors and recipients for all e-mails in a string and then claiming privilege for the aggregated e-mails.").

The Court agrees with this more expansive approach. A string of emails, after all, is not just a single communication. It reflects a series of different communications that, because of the way in which it was printed or maintained, happens to exist as one document. Logging the details of only the ultimate, top, email would not accurately state how many separate communications are included in the withheld document, and who received which of those communications. Such an approach may deprive Plaintiffs, and a reviewing Court, of the ability to assess the claim of privilege. Thus, the Court agrees with Plaintiffs that, if Defendants wish to withhold emails as privileged, Defendants must disclose the details of those emails and the basis of the claim of privilege on the privilege log in some fashion. This is true of emails that exist solely within a "string" just as with any other withheld communication.

However, the Court is concerned with the potential of massive amounts of duplication.

A typical email string may exist in multiple different forms as more and more communications are added. The initial email that begins a string may appear 10 or more times in different versions of the same string. The Court does not intend that this email be logged ten separate times, which in this case might turn Defendants' 250 pages of logs into 2,500 pages with little added benefit.

Thus, the Court simply requires that Defendants ensure that each withheld email within a string be logged in some fashion *at least once*. The Court notes that in many cases this appears to already be the case. It appears to the Court that Defendants logged many separate iterations of particular email strings as they continued to grow. To illustrate, Email A may have been logged in one entry; when Email A was forwarded via Email B, creating a "string," that string was separately logged; when the string was forwarded again via Email C, this new iteration of the string was separately logged; and so on and so on as the email string grew with various forwarding emails. In each of these illustrative log entries, only the details of the "top" email may have been logged. But in total, every email was ultimately logged because they each took their "turn" as the "top" email. Defendants also noted where emails strings were related to others. *See, e.g.*, Log Entry 3358 (logging date, sender and recipient details as to the top email in a particular string of emails printed out as one document, but stating that "Portions of this email chain appear in entries 3360, 3361, 3362, 3363, 3364, 3365, 3374.").

Again, the Court cannot say that every individual withheld email within every string has been logged in this fashion. But to the extent emails were disclosed and logged at least once via the process described above— which appears to be the case in several instances—this Order does not require more.

Thus, the Court **ORDERS** Defendants to review their logs to verify and determine the extent to which all withheld emails within email strings are already separately disclosed. If any emails are not already described, Defendants are **ORDERED** to supplement their logs accordingly. Defendants must furnish an affidavit to Plaintiffs stat-

ing that, except for whatever documents are disclosed in any supplemental log, Defendants have determined after conducting their review that all other withheld emails are already disclosed. Defendants are **ORDERED** to provide this material within **forty-five (45) days** of the date of this Order subject to an extension on good cause shown.

### D. Other Matters

#### 1. *Ex Parte Affidavits*

■ Defendants in certain cases have relied on *ex parte* affidavits, not served on Plaintiffs, to support their claim of privilege. Defendants' privilege logs include a notation where an *ex parte* affidavit is relied upon, but the affidavits themselves have not been shared with Plaintiffs. Plaintiffs object to this approach.

■ "Ex parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *In re High Sulfur Content Gasoline Products Liab., Litig.*, 517 F.3d 220, 231 (5th Cir.2008). Nevertheless, there are certain situations in which the Court must exercise its discretion to consider *ex parte* submissions or hold an *ex parte* hearing. *See, e.g., Nixon v. Sirica*, 487 F.2d 700, 721 (D.C.Cir.1973) (stating that after the assertion of a privilege, it may be appropriate, in addition to collecting documents and recordings for *in camera* inspection, to receive evidence *ex parte* ). This is one of those instances. Defendants bear a burden to establish a claimed privilege, and in some cases, especially given the complicated nature of the matters at issue, the Court requires further context to understand the claim of privilege. An email or document, for example, may contain terms, short-hand, or references that the Court does not understand without further factual explanation of the context of that discussion. In this regard, it is appropriate to allow Defendants to attempt to meet their burden to establish a privilege, where necessary, via submission of additional evidence. Moreover, by definition, these affidavits may reveal privileged information to the extent that they help explain the context of particular communications. In this regard, the Court generally permits the filing and reliance on *ex parte* affidavits.

■ However, to the extent Defendants have shared no part of any of these affidavits with Plaintiffs, such withholding is overbroad. Not every paragraph of every one of these affidavits reveals the substance of confidential attorney advice or requests for such advice. Several of the paragraphs include nothing more than a very generalized statement of the subject matter and no disclosure of any actual substance of the attorney-client advice. For example, Paragraphs 48, 55 and 56 of Timothy Blanchard's May 28, 2013 Declaration offers nothing that could not be included in a privilege log. The same is true with regard to Paragraph 27 of James Baird's May 22, 2013 Declaration. These are mere examples, as the Court at this juncture has not endeavored to pore through all paragraphs of every declaration to make a separate *in camera* assessment of whether truly privileged material is revealed. Thus, the Court **ORDERS** Defendants to conduct a review of their *ex parte* declarations to determine what portions they truly believe warrant withholding on grounds of privilege, and to produce the remainder to Plaintiffs. Defendants are **ORDERED** to do so within **thirty (30) days** of the date of this Order, subject to extension upon good cause. The Court may, if Plaintiffs request, thereafter review whatever material Defendant continues to redact to determine whether it may be withheld on grounds of privilege.

#### 2. *Waiver Based On Summary Judgment Defenses*

Long after filing their Motion to Compel [437], Plaintiffs on February 25, 2014 submitted a letter brief to the Court asserting a separate, newly-arisen ground by which they assert certain of Defendants' claims of privilege should be rejected. Specifically, Plaintiffs argue that certain defenses Defendants asserted in their pending Motions for Summary Judgment [665][666] have waived any privileged as to categories of documents because those defenses put Defendants' good faith interpretations of law at issue. Defendants have responded by letter brief dated February 28, 2014, arguing that Plaintiffs mischaracterized the nature of the summary judgment defenses; that those defenses do not put their subjective good faith at issue; and that they do not waive any privilege.

Because this issue is by definition newly-arisen in the context of the summary judgment briefing, this issue was not included in the original, pending Motion to Compel [437]. The Court cannot resolve this issue in the context of the instant Order, which is intended to resolve the original, pending Motion [437]. Thus, the Court will take this new, separate, issue under advisement and not delay the issuance of this Order while it contemplates the waiver argument. The Court is separately forwarding the letter submissions referenced above to the Clerk, and the Clerk is **DIRECTED** to file Plaintiffs' February 25, 2014 letter brief as a new Motion to Compel Production of Privileged Documents. The Clerk is **DIRECTED** to file Defendants' February 28, 2014 letters as their Response in Opposition to same.

## III. CONCLUSION

Plaintiffs' Motion [437] is **GRANTED IN PART AND DENIED IN PART.**

The Court **ORDERS** Defendants to respond within **thirty (30) days** of the date of this Order to any action that the Court demands Defendants take in the attached tables.

The Court also **ORDERS** Defendants to review their privilege logs to verify the extent to which all withheld emails within email strings are already separately disclosed. If any emails are not already described (disclosed), Defendants are **ORDERED** to supplement their logs accordingly. Defendants must furnish an affidavit to Plaintiffs stating that, except for whatever documents are disclosed in any supplemental log, Defendants have determined after conducting their review that all other withheld emails have already been disclosed. Defendants are **ORDERED** to provide this material to Plaintiffs within **forty-five (45) days** of the date of this Order, subject to an extension on good cause shown.

The Court further **ORDERS** Defendants to conduct a review of their *ex parte* declarations to determine what portions they truly believe warrant withholding on grounds of privilege, and to produce the remainder to Plaintiffs. Defendants are **ORDERED** to do so within **thirty (30) days** of the date of this Order, subject to extension upon good cause.

The Clerk is **DIRECTED** to file Plaintiffs' February 25, 2014 letter brief as a new Motion to Compel Production of Privileged Documents and Defendants' February 28, 2014 letter as their Response in Opposition to same.

Attachment

688

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| PRIVILEGE ENTRY NO | PRIVILEGE/STATUS | RULING | EXPLANATION |
|---|---|---|---|
| 47 | Attorney Client Privilege | G | Not evident primary purpose to request or transmit legal advice |
| 48 | Attorney Client Privilege | G | Not evident primary purpose to request or transmit legal advice |
| 51 | Attorney Client Privilege | G | While attached powerpoint appears principally for purpose of relaying what appears to be legal advice, it is not evident that this email is for such a purpose |
| 54 | Attorney Client Privilege | D | Powerpoint on compliance issues that appears to principally discuss legal advice although business issues also incidentally discussed |
| 55 | Attorney Client Privilege / Work Product | G | Not evident primary purpose to request or transmit legal advice |
| 56 | Attorney Client Privilege / Work Product | G | To do items for compliance staff generally. Not evident this reveals or constitutes legal advice specifically. |
| 67 | Attorney Client Privilege / Work Product | G | Not evident primary purpose of redacted language to request or transmit legal advice |
| 68 | Attorney Client Privilege / Work Product | G | No attorney evident in this communication and no evidence presented that this constituted information from or to an attorney |
| 69 | Attorney Client Privilege / Work Product | G | See above |
| 70 | Attorney Client Privilege / Work Product | G | See above |
| 120 | Attorney Client Privilege | O | Appears to be error in in camera submission as the document marked under Tab was not the email described. Defendants must produce the intended document to the Court within 30 days |
| 121 | Attorney Client Privilege | O | Need cover email (120) to assess privilege nature |
| 122 | Attorney Client Privilege | G | Same as 67 above |
| 202 | Attorney Client Privilege | G | This is merely a draft business record and the document presented to the court is not a part of or attached to a privileged communication |
| 254 | Attorney Client Privilege | G | No attorney-client discussion evident |
| 256 | Attorney Client Privilege | G | No attorney-client discussion evident |
| 265 | Attorney Client Privilege | G | No attorney-client discussion evident |
| 281 | Attorney Client Privilege | G | Not evident based on the content of the document that this contains or reflects a/c communications and no other evidence is submitted |
| 285 | Attorney Client Privilege / Work Product | G | Not evident based on the content of the document that this contains or reflects a/c communications and no other evidence is submitted |
| 287 | Attorney Client Privilege / Work Product | G | Same |
| 288 | Attorney Client Privilege | G | Same |
| 289 | Attorney Client Privilege | G | Same |
| 290 | Attorney Client Privilege / Work Product | G | Same |
| 291 | Attorney Client Privilege / Work Product | G | Same |
| 292 | Attorney Client Privilege / Work Product | G | Same |
| 293 | Attorney Client Privilege / Work Product | G | Same |
| 294 | Attorney Client Privilege / Work Product | G | Same |
| 295 | Attorney Client Privilege / Work Product | G | Same |
| 296 | Attorney Client Privilege / Work Product | G | Same |

United States of America ex rel. Valner and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 297 | Attorney Client Privilege / Work Product | G | Same |
| 298 | Attorney Client Privilege | R | Email chain can be redacted. Emails from or directed specifically to C. Riopelle appear privileged but others generally do not appear for the principal purpose of conveying or discussing legal advice and should be produced. |
| 300 | Attorney Client Privilege | G | Not evident this draft is entitled to privilege status per the standards discussed in the Order |
| 317 | Attorney Client Privilege | G | Not evident this communication qualifies as a/c communication |
| 318 | Attorney Client Privilege | R | Can be redacted. Pages 5-7, 14-15 contain what appears to be privileged material. As to remainder, it appears to be solely business/financial and not evidence that it qualifies as a/c communications |
| 319 | Attorney Client Privilege | G | Not evident that communications, including C. Riopelle's comments, constituted legal advice or were for the primary purpose of conveying legal as opposed to business advice |
| 323 | Attorney Client Privilege | R | Can be redacted. Pages 5-6, 16-18 contain what appears to be privileged material. As to remainder, it appears to be solely business/financial and not evidence |
| 324 | Attorney Client Privilege | G | Not evident this communication qualifies as a/c communication |
| 325 | Attorney Client Privilege | R | Same as 323 above |
| 326 | Attorney Client Privilege | G | Not evident this communication was for primary purpose of requesting legal advice |
| 327 | Attorney Client Privilege | R | Can be redacted. Pages 5-6, 16 contain what appears to be privileged material. As to remainder, it appears to be solely business/financial and not evidence |
| 328 | Attorney Client Privilege | G | See 326 above |
| 331 | Attorney Client Privilege | G | Not evident this communication was for primary purpose of requesting legal advice (the Court notes that lawyers are in the "cc" line only) |
| 335 | Attorney Client Privilege | G | No advice from T. Blanchard appears in this document as far as the Court can tell |
| 365 | Attorney Client Privilege | G | Not evident that communications constituted legal advice or were for the primary purpose of conveying legal advice |
| 366 | Attorney Client Privilege | R | Can be redacted. Pages 4-5, 15-17 contain what appears to be privileged material. As to remainder, it appears to be solely business/financial and not evidence |
| 370 | Attorney Client Privilege | G | Not evident that communications constituted legal advice or were for the primary purpose of conveying legal advice |
| 371 | Attorney Client Privilege | G | Same |
| 372 | Attorney Client Privilege | G | Same |
| 373 | Attorney Client Privilege | G | Same |
| 374 | Attorney Client Privilege | G | Same |
| 379 | Attorney Client Privilege | R | Can be redacted. Pages 4-5, 15-17 contain what appears to be privileged material. As to remainder, it appears to be solely business/financial and not evidence |
| 454 | Attorney Client Privilege / Work Product | G | Not evident that communications constituted legal advice or were for the primary purpose of conveying legal advice |
| 470 | Attorney Client Privilege | G | Same |
| 471 | Attorney Client Privilege | G | This document contains a long list of to-do items, apparently for compliance staff. It is not evident that it was prepared by counsel, that it constitutes direction by counsel, or that all of the items are of a legal nature. |
| 473 | Attorney Client Privilege | G | This is a cover email for an attached document not provided to the Court or included on the log as far as the Court can tell. The brief cover email is not privileged as far as the Court can tell and no information about the underlying document was provided. |
| 475 | Attorney Client Privilege | G | This email attaches numerous attachments to several recipients. The email itself does not contain any privileged communications. Several of the documents attached may be privileged as discussed below but there is no discussion of their content in this cover email, so the Court sees no ground to withhold the email. |
| 476 | Attorney Client Privilege | G | There is no evidence presented to the Court as to who prepared this document and no statement other than in the privilege log as to whether any attorney prepared or directed the preparation of any particular sections. It conveys in part what could be attorney advice but there is evidence presented to support that. |
| 485 | Attorney Client Privilege | R | Email chain can be redacted. Emails from or directed specifically to C. Riopelle appear privileged but others generally do not appear for the principal purpose of conveying or discussing legal advice and should be produced. |
| 486 | Attorney Client Privilege | G | Neither the document itself nor the transmitting email suggest that this is being specifically sent to counsel for legal review as opposed to the various other recipients for general business purposes. |
| 488 | Attorney Client Privilege | G | See 485 |
| 490 | Attorney Client Privilege | G | See 486 |

# 690

## DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 491 | Attorney-Client Privilege | G | See 486 |
| 550 | Attorney-Client Privilege | R | This is a thread of emails. The emails on the second and third pages appear to represent privileged discussions, relating to compliance issues, with C. Rioprile. However, as to the emails on the first page, it is not evident that these discussions principally involve legal discussions as opposed to financial/operational issues. The latter should be disclosed but the former may be redacted and withheld. |
| 609 | Attorney Client Privilege / Work Product | G | It is not evident that this business document is provided for purposes of requesting legal advice as opposed in response to counsel's request for records in connection with FTC document request. The request (doc. 608) is privileged but the documents provided in response are not necessarily privileged just because sent to the lawyer. |
| 610 | Attorney Client Privilege | G | Same as above |
| 611 | Attorney-Client Privilege | G | Same as above |
| 612 | Attorney Client Privilege | G | Same as above |
| 1020 | Attorney-Client Privilege | G | This email itself does not contain any request for or provision of attorney advice and does not reflect or reveal such |
| 1077 | Attorney-Client Privilege | G | The attached document (1023) is privileged but it is not evident that this email contains or reflects legal advice or requests for such. |
| 1107 | Attorney-Client Privilege | G | Not evident that this communication was sent for primary purpose of receiving legal advice; Most questions posed are medical/scientific in nature. |
| 1157 | Attorney-Client Privilege | G | A mere forwarding email, that does not included the privileged content that was apparently forwarded. The forwarding email itself is not privileged |
| 1160 | Attorney-Client Privilege | G | Unprivileged forwarding email. |
| 1161 | Attorney-Client Privilege | G | Unprivileged forwarding email. |
| 1164 | Attorney-Client Privilege | G | Unprivileged forwarding email. |
| 1165 | Attorney-Client Privilege | G | Unprivileged forwarding email. |
| 1205 | Attorney-Client Privilege | G | Not evident that this email chain contains legal advice or a request for such. |
| 1206 | Attorney-Client Privilege | G | Same |
| 1207 | Attorney-Client Privilege | G | Same |
| 1323 | Attorney-Client Privilege | G | This is an email thread that appears to principally discuss clinical issues and questions, and not legal questions, with regard to vial administration. There is a reference to a set of slides with compliance recommendations but this email thread does not reveal the content of those recommendations or compliance issues discussed with counsel. |
| 1324 | Attorney-Client Privilege | G | Same |
| 1325 | Attorney-Client Privilege | G | This is a different email thread but one that also appears to principally discuss clinical, financial and other non-legal issues with regard to vial administration. |
| 1326 | Attorney-Client Privilege/Work Product | G | Same |
| 1327 | Attorney-Client Privilege/Work Product | G | Same |
| 1328 | Attorney-Client Privilege | G | Same |
| 1380 | Attorney Client Privilege | G | Not evident that this communication was sent for primary purpose of providing legal advice. No advice is requested and the court has no basis to understand what advice it facilitated and to whom. The cited portion of Ms. Pelliccioni's declaration is conclusory and simply repeats the allegation, without explanation or further detail, that the material was obtained to facilitate legal advice. |
| 1381 | Attorney-Client Privilege | G | Same |
| 1382 | Attorney-Client Privilege | G | Same |
| 1383 | Attorney-Client Privilege | G | Same |
| 1388 | Attorney-Client Privilege | G | Not evident that this communication constitutes or reveals legal advice or a request for such |
| 1389 | Attorney-Client Privilege | G | same |
| 1391 | Attorney-Client Privilege | D | It is not evident from this communication, which did not itself include any lawyers, that it is privileged. But the declaration of Lori Pelliccioni establishes that the information was gathered at outside counsel's request for purpose of providing legal advice on Zemplar administration. On that basis the Court upholds the claim of privilege. |

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

## DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 1392 | Attorney-Client Privilege | D | Same |
| 1393 | Attorney-Client Privilege | D | Same |
| 1394 | Attorney-Client Privilege | D | Same |
| 1395 | Attorney-Client Privilege | D | Same |
| 1396 | Attorney-Client Privilege | D | Same |
| 1397 | Attorney-Client Privilege | D | Same |
| 1452 | Attorney-Client Privilege | G | A mere forwarding email, that does not included the privileged content that was apparently forwarded. The forwarding email itself is not privileged |
| 1459 | Attorney-Client Privilege | G | A mere forwarding email, that does not included the privileged content that was apparently forwarded. The forwarding email itself is not privileged |
| 1462 | Attorney-Client Privilege | G | Same as 1107 |
| 1466 | Attorney-Client Privilege | G | A mere forwarding email |
| 1482 | Attorney-Client Privilege | G | A mere forwarding email |
| 1483 | Attorney-Client Privilege | D | Not clear from the communication itself or attachment, which does not on its face involve lawyers, that this is privileged. But the Declaration of Mark Pearlstein (outside counsel) establishes that this communication was part of an analysis being performed at his direction so that he could provide legal advice on use of Zemplar and Venofer. On that basis the Court upholds the claim of privilege. |
| 1484 | Attorney-Client Privilege | D | Same |
| 1485 | Attorney-Client Privilege | D | Same |
| 1506 | Attorney-Client Privilege | G | A mere forwarding email |
| 1507 | Attorney-Client Privilege | G | Same |
| 1517 | Attorney-Client Privilege | G | Mere forwarding email |
| 1519 | Attorney-Client Privilege | G | Same |
| 1524 | Attorney-Client Privilege | G | Mere forwarding email |
| 1525 | Attorney-Client Privilege | G | This is an email requesting individuals to review draft minutes of a meeting and provide corrections. It is not evident that this is a request for legal advice from anyone but rather comments on the accuracy of draft minutes. That is not privileged. |
| 1526 | Attorney-Client Privilege | G | Same. These minutes may have been drafted by an attorney but there is no legal advice or request for such evident to the Court. |
| 1530 | Attorney-Client Privilege | D | This is an example of a document that does not appear in and of itself to be privileged, but it is being sent to counsel as part of a request for legal advice and thus the communication as a whole, including this attachment, is privileged. The document itself if it is maintained elsewhere in the business records of the company, separate from a communication with counsel, might not be privileged. |
| 1533 | Attorney-Client Privilege | G | Mere forwarding email |
| 1545 | Attorney-Client Privilege | G | Mere forwarding email |
| 1555 | Attorney-Client Privilege | G | Mere forwarding email |
| 1558 | Attorney-Client Privilege | G | Mere forwarding email |
| 1568 | Attorney-Client Privilege | G | This appears to reflect proposed drafts of a contract shared with the third party with whom Defendants were negotiating the contract. |
| 1569 | Attorney-Client Privilege | G | Same |
| 1570 | Attorney-Client Privilege | G | Same |
| 1571 | Attorney-Client Privilege | G | Same |
| 1577 | Attorney-Client Privilege | G | Mere forwarding email |
| 1579 | Attorney-Client Privilege | G | Mere forwarding email |
| 1585 | Attorney-Client Privilege | G | Mere forwarding email |
| 1586 | Attorney-Client Privilege | G | This is a cover email that does not constitute or reveal any request for legal advice |
| 1592 | Attorney-Client Privilege | G | Mere forwarding email |

692

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 1594 | Attorney-Client Privilege | G | This is a cover email that does not constitute or reveal any request for legal advice |
| 1601 | Attorney-Client Privilege | G | Mere forwarding email |
| 1603 | Attorney-Client Privilege | G | Mere forwarding email |
| 1610 | Attorney-Client Privilege | G | Not evident that this constitutes or reflects any request for legal advice. It appears specifically directed to Bill Hughson, who is not an attorney, and there is no legal question posed. |
| 1618 | Attorney-Client Privilege | G | Mere forwarding email |
| 1630 | Attorney-Client Privilege | G | Mere forwarding email |
| 1634 | Attorney-Client Privilege | G | Mere forwarding email |
| 1637 | Attorney-Client Privilege | G | Mere forwarding email |
| 1640 | Attorney-Client Privilege | G | Mere forwarding email |
| 1643 | Attorney-Client Privilege | G | Mere forwarding email |
| 1649 | Attorney-Client Privilege | G | Mere forwarding email |
| 1652 | Attorney-Client Privilege | G | Mere forwarding email |
| 1656 | Attorney-Client Privilege | G | Mere forwarding email |
| 1656 | Attorney-Client Privilege | G | While Mr. Weinberg is commenting and providing proposed edits on the attached letter, it is not evident that the comments reflect legal advice. The proposed edits appear stylistic and there is no legal substance to the edits as far as the Court can discern. |
| 1657 | Attorney-Client Privilege | G | Same |
| 1660 | Attorney-Client Privilege | G | Mere forwarding email |
| 1665 | Attorney-Client Privilege | G | Mere forwarding email |
| 1667 | Attorney-Client Privilege | G | See below |
| 1668 | Attorney-Client Privilege | G | First, this description is incorrect. It is not a memo seeking legal advice on Zemplar billing. It is a summary recap of a meeting that occurred. Second, the discussions in the meeting being summarized cannot be withheld as privileged because according to the recap, representatives of a third party were present, that is, CMS. There is nothing in the draft meeting notes that appears to separately constitute legal advice and the meeting notes do not constitute legal advice simply because they were drafted by an attorney present at the meeting. |
| 1671 | Attorney-Client Privilege | G | Mere forwarding email |
| 1674 | Attorney-Client Privilege | G | Mere forwarding email |
| 1681 | Attorney-Client Privilege | G | Mere forwarding email |
| 1685 | Attorney-Client Privilege | G | Mere forwarding email |
| 1691 | Attorney-Client Privilege | G | Mere forwarding email |
| 1694 | Attorney-Client Privilege | G | Mere forwarding email |
| 1721 | Attorney-Client Privilege | G | Mere forwarding email |
| 1726 | Attorney-Client Privilege | G | Mere forwarding email |
| 1729 | Attorney-Client Privilege | G | Mere forwarding email |
| 1741 | Attorney-Client Privilege | G | This does not appear to be a request for legal advice or at legal advice. Although lawyers are copied, the request is posed to non-lawyers and it is a request for data results. There is no further information before the Court to find that this relates to legal advice. |
| 1744 | Attorney-Client Privilege | G | See 1741 above |
| 1745 | Attorney-Client Privilege | G | Mere forwarding email |
| 1748 | Attorney-Client Privilege | G | Mere forwarding email |
| 1751 | Attorney-Client Privilege | G | Not evident from this document that it relates to a request for legal advice and the Defendant does not cite any other evidence supporting this entry. |
| 1754 | Attorney-Client Privilege | G | There is no request for legal advice evident in this communication |
| 1763 | Attorney-Client Privilege | G | Mere forwarding email |

United States of America ex rel. *Vainer* and *Barbir* v. *DaVita*, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 1771 | Attorney-Client Privilege | G | Mere forwarding email |
| 1800 | Attorney-Client Privilege | G | See entry 1323 |
| 1818 | Attorney-Client Privilege | G | There is a reference to a proposed methodology that is being proposed by C. Rioppelle and others but this email thread does not reveal the content of that methodolgy and does not appear to itself constitute a request for legal advice. |
| 1828 | Attorney-Client Privilege | R | There are privileged emails in this thread, to and from attorney Schohl. But the top two emails, between K. Thiry and S. CoPard are not privileged and should be disclosed. |
| 1920 | Attorney-Client Privilege | R | See above |
| 1932 | Attorney-Client Privilege | G | Mere forwarding email |
| 1934 | Attorney-Client Privilege | G | Mere forwarding email |
| 1942 | Attorney-Client Privilege | G | Not evident from the document itself or the declaration cited in support that this reflects legal advice. |
| 1945 | Attorney-Client Privilege | G | This thread contains an email from a lawyer (Baird) to a DaVita employee (Tetloy) gathering information for the purpose of developing answers to FAQs. It is not clear how this constitutes legal advice. |
| 1946 | Attorney-Client Privilege | R | This email thread refers to discussions with Chris Riopelle, which appears to be privileged and can be redacted. The remainder does not appear to be privileged and should be produced. |
| 1951 | Attorney-Client Privilege | R | Comments from Baird appear to be privileged and can be redacted. Remainder to be produced. |
| 1952 | Attorney-Client Privilege | R | Email to Baird appears privileged and may be redacted. Remainder to be produced. |
| 1874 | Attorney-Client Privilege | G | This is a draft distributed by internal counsel, who states that the draft reflects "comments received". It is not evident that any of the comments reflected in the draft are from lawyers or reflected lawyer advice. The fact that a lawyer was implementing comments of others and sending around this revision does not make the document privileged. |
| 1875 | Attorney-Client Privilege | G | See above |
| 1977 | Attorney-Client Privilege | G | This document was sent for review and comment to various employees, including a lawyer, but most were not lawyers. The specific question posed to the lawyer on the prior email is properly redacted. But because the document itself is sent to many different employees, mostly for non-legal review, the document itself is not privileged. |
| 1992 | Attorney-Client Privilege | G | Mere forwarding email |
| 1950 | Attorney-Client Privilege | G | Mere forwarding email |
| 2007 | Attorney-Client Privilege | G | Mere forwarding email |
| 2011 | Attorney-Client Privilege | G | Mere forwarding email |
| 2022 | Attorney-Client Privilege | G | Mere forwarding email |
| 2031 | Attorney-Client Privilege | G | Mere forwarding email |
| 2037 | Attorney-Client Privilege/Work Product | G | Mere forwarding email |
| 2040 | Attorney-Client Privilege | G | Mere forwarding email |
| 2049 | Attorney-Client Privilege | G | Mere forwarding email |
| 2054 | Attorney-Client Privilege | G | Mere forwarding email |
| 2057 | Attorney-Client Privilege | G | Mere forwarding email |
| 2061 | Attorney-Client Privilege | G | Mere forwarding email |
| 2564 | Attorney-Client Privilege | G | Same |
| 2567 | Attorney-Client Privilege | G | Same |
| 2072 | Attorney-Client Privilege | G | Mere forwarding email |
| 2075 | Attorney-Client Privilege | G | Same |
| 2373 | Attorney-Client Privilege | G | Mere forwarding email |
| 2081 | Attorney-Client Privilege | G | While lawyers are copied, this is a conversation and question between two non-lawyer executives and it is not evident that any legal advice or request for such is present. |
| 2483 | Attorney-Client Privilege | G | Mere forwarding email |

694

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 2094 | Attorney-Client Privilege | G | Mere forwarding email |
| 2097 | Attorney-Client Privilege | G | Mere forwarding email |
| 2100 | Attorney-Client Privilege | G | Mere forwarding email |
| 2107 | Attorney-Client Privilege | G | Mere forwarding email |
| 2111 | Attorney-Client Privilege | G | Mere forwarding email |
| 2120 | Attorney-Client Privilege | G | Mere forwarding email |
| 2127 | Attorney-Client Privilege | G | Mere forwarding email |
| 2129 | Attorney-Client Privilege | G | Mere forwarding email |
| 2134 | Attorney-Client Privilege | G | Mere forwarding email |
| 2151 | Attorney-Client Privilege | G | Mere forwarding email |
| 2157 | Attorney-Client Privilege | G | Mere forwarding email |
| 2159 | Attorney-Client Privilege | G | Mere forwarding email |
| 2165 | Attorney Client Privilege | G | Does not appear to constitute or reflect attorney advice or request for such, as opposed to business/operational discussion. |
| 2168 | Attorney-Client Privilege | G | Same |
| 2183 | Attorney-Client Privilege | G | This communication does not involve lawyers or clearly reference legal advice and Defendants point to no other evidence justifying the claim of privilege |
| 2193 | Attorney-Client Privilege | G | Neither this email nor the minutes it attaches reveals any legal advice. Certain of the minutes identify subjects that were discussed by compliance counsel during committee meetings, but without revealing the substance of any advice relayed. Thus, these documents themselves are not privileged. |
| 2194 | Attorney-Client Privilege | G | Same |
| 2195 | Attorney-Client Privilege | G | Same |
| 2196 | Attorney-Client Privilege | G | Same |
| 2197 | Attorney-Client Privilege | G | Same |
| 2211 | Attorney-Client Privilege | R | This document contains two emails. The bottom email, from S. Collard to D. Manheim, appears privileged and may be withheld. The top email contains advice from S. Divalerio who is not a lawyer. This cannot be withheld. |
| 2212 | Attorney-Client Privilege | G | Mere forwarding email |
| 2214 | Attorney Client Privilege | G | Mere forwarding email |
| 2232 | Attorney Client Privilege | G | Mere forwarding email |
| 2239 | Attorney Client Privilege | G | Mere forwarding email |
| 2251 | Attorney-Client Privilege | D | This document is not properly classified as falling under the attorney-client privilege, but it does appear to be attorney work product. While the claimed basis of privilege is erroneous, the description in the log entry states that the document was prepared in anticipation of litigation. Thus, the Court does not order disclosure. |
| 2252 | Attorney-Client Privilege | D | Same as above |
| 2254 | TO BE PRODUCED | D | Same as above |
| 2277 | Attorney-Client Privilege | R | This can be redacted in a similar fashion as 2278, which reflects the same email thread |
| 2280 | Attorney-Client Privilege | R | The comments from C. Rioppelle may be redacted. Otherwise, should be produced. |
| 2282 | Attorney-Client Privilege | G | No attorney advice or request for such evident |
| 2283 | Attorney-Client Privilege | G | Same |
| 2284 | Attorney Client Privilege | G | Same |
| 2285 | Attorney Client Privilege | G | Same |
| 2239 | Attorney Client Privilege | R | The email on 1/22 at 11:49 can be redacted. Otherwise, the court does not find this to be privileged. |
| 2311 | Attorney-Client Privilege | R | The first email in this chain (from A. Hackney to M. Hahn) is not privileged or at least the basis for the claim is not evident. The other emails are privileged and may be redacted. |
| 2315 | Attorney-Client Privilege | R | See above |

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 2315 | Attorney-Client Privilege | R | See above |
| 2317 | Attorney-Client Privilege | R | This email is addressed to many employees, including C. Rioppelle. There is a particular question in the email addressed to C. Rioppelle, and that may be redacted. But it is not evident that the remainder of the communication is otherwise for the primary purpose of seeking legal advice. |
| 2318 | Attorney-Client Privilege | G | See above. This draft is sent to numerous employees, mainly for non-legal review. While a question is posed to attorney Rioppelle in the cover email it is not addressed to the specific substance of this or any other attached document. |
| 2319 | Attorney-Client Privilege | G | See above |
| 2321 | Attorney-Client Privilege | G | See above |
| 2321 | Attorney-Client Privilege | G | See above |
| 2322 | Attorney-Client Privilege | G | This communication was sent to numerous employees for review and comment on a document. One lawyer is copied on the communication. It is not evident that this was sent for the primary purpose of legal review and advice. |
| 2323 | Attorney-Client Privilege | G | See above |
| 2324 | Attorney-Client Privilege | D | This particular thread is more focused on seeking input and advice from compliance and specifically C. Rioppelle. Thus, the claim of privilege is upheld. |
| 2325 | Attorney-Client Privilege | D | See above |
| 2326 | Attorney-Client Privilege | D | This particular thread is more focused on seeking input and advice from compliance and specifically C. Rioppelle. Thus, the claim of privilege is upheld. |
| 2327 | Attorney-Client Privilege | D | See above |
| 2328 | Attorney-Client Privilege | D | See above |
| 2329 | Attorney-Client Privilege | D | See above |
| 2334 | Attorney-Client Privilege | G | Redacted language reflects discussion of medical advice, not any lawyer advice or requests for such |
| 2335 | Attorney-Client Privilege | G | Same |
| 2336 | Attorney-Client Privilege | G | Same |
| 2353 | Attorney-Client Privilege | G | These are notes of a discussion among non-lawyers about certain tasks. Other than the header, which asserts A-C privilege, there is nothing to establish that this communication reflects any lawyer advice. |
| 2416 | Attorney-Client Privilege | G | It is not evident whether or how this document contains or reflects legal advice and other than the header stating that it is privileged, there is no basis for the Court to find that it is privileged. |
| 2417 | Attorney-Client Privilege | G | This is an email transmitting comments on a document by a lawyer, but the lawyer states that the comments are non-substantive. There is therefore no basis for the Court to find that this rises to the level of legal advice. |
| 2418 | Attorney-Client Privilege | G | Same |
| 2429 | Attorney-Client Privilege | G | Not evident that this communication, in which a subset of emails in the thread copies a lawyer but otherwise is a communication among non-lawyers, constitutes or reflects lawyer advice or a request for such. |
| 2430 | Attorney-Client Privilege | G | Mere forwarding email |
| 2432 | Attorney-Client Privilege | G | Mere forwarding email |
| 2441 | Attorney-Client Privilege | G | Mere forwarding email |
| 2443 | Attorney-Client Privilege | G | This is primarily a conversation among non-lawyers and it is not evident that it constitutes a request for legal advice. That an inhouse lawyer is copied on the communication and referenced in one of the emails does not establish that legal advice is reflected. |
| 2475 | Attorney-Client Privilege | G | Mere forwarding email |
| 2476 | Attorney-Client Privilege | G | Much of this thread, including the comments of lawyer Schohl imbedded within, was already produced (see entry 2480). The remainder, which was redacted in entry 2480, is not privileged. |
| 2480 | Attorney-Client Privilege | G | See 2476 above. The portions redacted, which do not include any communication to or from an attorney, are not privileged. |
| 2482 | Attorney-Client Privilege | G | See 2480, above |
| 2483 | Attorney-Client Privilege | G | Mere forwarding email |
| 2484 | Attorney-Client Privilege | G | See 2480, above |
| 2491 | Attorney-Client Privilege | R | The reference to advice from Tim Blanchard, which is in a P.S. note, appears privileged but can be redacted. The remainder is not privileged. |
| 2501 | Attorney-Client Privilege | G | There is no basis to conclude that this draft reflects legal advice or is a request for legal advice. No attorney-client communication attaching this document is presented. |

**696**

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 2518 | Attorney-Client Privilege | G | Not evident that this communication constitutes or reveals legal advice. |
| 2557 | Attorney-Client Privilege | G | Mere forwarding email |
| 2620 | Attorney-Client Privilege | R | This email sends a document to several employees for their review. Only one of the recipients is an attorney. There is a specific question posed to the attorney, which can be redacted. The remainder asks for non-legal advice principally to non-lawyers and is not privileged. |
| 2621 | Attorney-Client Privilege | G | See above. This draft was not shared for the principal purpose of seeking legal advice. And disclosure of the draft would not reveal the legal advice requested of J. Kweller in the previous document. |
| 2661 | Attorney-Client Privilege | G | Not evident that this communication requests any legal advice |
| 2662 | Attorney-Client Privilege | G | Same |
| 2746 | Attorney-Client Privilege | G | Mere forwarding email |
| 2749 | Attorney-Client Privilege | G | Mere forwarding email |
| 2750 | Attorney-Client Privilege | G | Mere forwarding email |
| 2752 | Attorney-Client Privilege | G | Mere forwarding email |
| 2755 | Attorney-Client Privilege | G | Mere forwarding email |
| 2758 | Attorney-Client Privilege | G | Mere forwarding email |
| 2760 | Attorney-Client Privilege | G | This email does not request or reveal any legal advice |
| 2763 | Attorney-Client Privilege | G | Mere forwarding email |
| 2777 | Attorney-Client Privilege | G | Mere forwarding email |
| 2776 | Attorney-Client Privilege | G | Mere forwarding email |
| 2778 | Attorney-Client Privilege | G | Mere forwarding email |
| 2793 | Attorney-Client Privilege | G | Mere forwarding email |
| 2795 | Attorney-Client Privilege | G | Mere forwarding email |
| 2805 | Attorney-Client Privilege | G | Mere forwarding email |
| 2509 | Attorney-Client Privilege | G | Mere forwarding email |
| 2843 | Attorney-Client Privilege | O | What is redacted and what is not is entirely illegible and the Court has no basis to find that the assertion of privilege is proper. Defendant must produce legible copy to the Court within 30 days. |
| 2845 | Attorney-Client Privilege | G | Same as 2843 above |
| 2847 | Attorney-Client Privilege | G | Same as 2843 above |
| 2849 | Attorney-Client Privilege | G | Same as 2843 above |
| 2854 | Attorney-Client Privilege | G | Mere forwarding email |
| 2856 | Attorney-Client Privilege | G | Mere forwarding email |
| 2858 | Attorney-Client Privilege | G | Mere forwarding email |
| 2860 | Attorney-Client Privilege | G | Mere forwarding email |
| 2897 | Attorney-Client Privilege | G | This particular email does not reference the content of any attorney communication. |
| 3004 | Attorney-Client Privilege | G | Not evident that this constitutes or reveals legal advice. |
| 3005 | Attorney-Client Privilege | G | This spreadsheet lists various projects, but it is not established that the descriptions that all of these projects reflect legal advice. Some may, but to withhold this entire document is overbroad. |
| 3022 | Attorney-Client Privilege | O | This log entry appears to describe a different document. Defendant must re-assess whether it intended to withhold this document and if so must provide an accurate entry. |
| 3023 | Attorney-Client Privilege | O | Same |
| 3024 | Attorney-Client Privilege | O | Same |
| 3025 | Attorney-Client Privilege | O | Same |
| 3079 | Attorney-Client Privilege | G | Not evident that this constitutes or reveals legal advice. |
| 3080 | Attorney-Client Privilege | O | Illegible. Defendant must produce legible copy to the Court within 30 days. |
| 3081 | Attorney-Client Privilege | G | Same comment as 3079 |

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 3052 | Attorney-Client Privilege | O | Illegible. Defendant must produce legible copy to the Court within 30 days. |
| 3083 | Attorney-Client Privilege | G | Same comment as 3079 |
| 3081 | Attorney-Client Privilege | O | Illegible. Defendant must produce legible copy within 30 days. |
| 3085 | Attorney-Client Privilege | G | The section redacted includes only the comments of a non-lawyer and there is no apparent request for legal advice or statements that reveal legal advice. |
| 3115 | Attorney-Client Privilege | O | This is not among the materials provided to the Court. Defendants must provide a copy to the Court if the assertion of privilege is maintained. |
| 3121 | Attorney-Client Privilege | R | This email thread contains numerous emails among non-attorneys that do not reference any legal advice or requests for such. There is an email from attorney S. Cooper, which is privileged, and may be redacted. Also, the 9/5/2008 8·18 am email from C. Auwinger references the advice from S. Cooper and may be redacted. Otherwise, the Court sees no basis to withhold the remainder. |
| 3122 | Attorney-Client Privilege | R | Same |
| 3123 | Attorney-Client Privilege | R | Same |
| 3226 | Attorney-Client Privilege | G | This is a forwarding email that does not itself contain or appear to reveal any legal advice. |
| 3229 | Attorney-Client Privilege | G | This does not appear either from the face of the document or from the email forwarding it to be a draft. It appears to be a business document, forwarded without comment by a lawyer. That is not a privileged communication. |
| 3264 | Attorney-Client Privilege | G | Mere forwarding email |
| 3325 | Attorney-Client Privilege | G | Not evident what if any items discussed in this recap reflect privileged communications. |
| 3397 | Attorney-Client Privilege | G | See 3324 above |
| 3398 | Attorney-Client Privilege | G | See 3325 above |
| 3449 | Attorney-Client Privilege | O | From the description, this document sounds substantially similar to 3445, which was produced. 3445 was not provided to the Court so the Court cannot assess whether the claim of privilege on 3449 is warranted in light of the production of 3445. Defendants should re-assess this, and if the claim of privilege as to 3449 is maintained, must also provide 3445 to the Court. |
| 3505 | Attorney-Client Privilege | G | There is no specific request for legal advice and no legal advice revealed. |
| 3548 | Attorney-Client Privilege | G | See below |
| 3549 | Attorney-Client Privilege | R | This is a draft sent to both a lawyer (Baird) and non-lawyer (Collard) for review and advice. The draft includes specific questions embedded asking the two recipients to review specific things and answer specific questions. The overwhelming majority of the questions for review are posed to Collard. The requests for Baird to review are fewer and can be redacted. |
| 3570 | Attorney-Client Privilege | G | This email simply transmits a series of documents, without revealing the content of any, and without otherwise transmitting any other legal advice. |
| 3571 | Attorney-Client Privilege | O | This document is the first in a series of materials relating to due diligence analyses in the Gambro-Davita acquisition. It is not evident to the Court that all of the discussion within this document relates specifically to legal as opposed to business or financial analysis. Defendants are ordered to re-assess this document and the ones that follow with an eye towards redacting only those portions that reflect legal advice. If any material is withheld after this re-assessment, Defendants should supplement the record with an affidavit describing at least in general terms the subject matter being withheld and the attorneys who rendered the advice. |
| 3574 | Attorney-Client Privilege | G | See above |
| 3575 | Attorney-Client Privilege | R | See above |
| 3576 | Attorney-Client Privilege | R | See above |
| 3577 | Attorney-Client Privilege | R | See above |
| 3589 | Attorney-Client Privilege | G | Although the email forwarding this document is privileged, that email states that the attached presentation (presumably this document) was previously shared with a third party, that is, KPMG. Thus, it would not be eligible for withholding. There is no information presented to suggest that KPMG was hired to help facilitate confidential legal advice as opposed to performing financial or auditing services. |
| 3590 | Attorney-Client Privilege | G | See above |
| 3591 | Attorney-Client Privilege | G | See above (this appears to be a presentation prepared to show to KPMG) |
| 3679 | Attorney-Client Privilege | G | There is no request for legal advice evident in this communication. |

698

DEFENDANTS' PRIVILEGED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 3681 | Attorney-Client Privilege | G | There is no legal advice or request for such. This communication also does not involve discussion of any draft document. The attached document is described as the final document that is to be distributed. This document is not itself privileged but rather is an ordinary business record. |
| 3682 | Attorney-Client Privilege | G | See above |
| 3754 | Attorney-Client Privilege | G | This communication itself does not contain or reveal any legal advice or any other content of the attached document. The attached document itself is not provided to the Court. Whatever the privileged status of that document, which the Court cannot assess, this document in log entry 3754 is not itself privileged. |
| 3765 | Attorney-Client Privilege | G | This email attaches a draft business document. It is not clear that any of the content of the draft business document constitutes or reveals legal advice and to the contrary the document includes a statement that is principally to be used for forecasting and business analysis. The document apparently includes revision by Kweller, Davita's general counsel, but it is not clear what revisions were made by Kweller and nothing in the document appears on its face to be legal advice. |
| 3766 | Attorney-Client Privilege | G | See above |
| 3802 | Attorney-Client Privilege | G | Mere forwarding email |
| 2830 | Attorney-Client Privilege | R | This is a two email thread. The initial email from Kosgood to Schohl and Kweller qualifies as privileged and can be withheld. However the next email from Valtee to Kosgood contains only non-legal advice and commentary. |
| 3831 | Attorney-Client Privilege | D | This entire document was sent to counsel under a request for legal advice. As noted in the entry above, a non lawyer also provided non-legal advice as to one of the pages. While that advice is not privileged, the draft document itself that was sent to lawyers for legal advice remains privileged. |
| 3837 | Attorney-Client Privilege | G | This is a communication among non-lawyers and there is no information before the Court to substantiate the claim that the communication reveals legal advice. That is simply not evident on the face of the document. |
| 3838 | Attorney-Client Privilege | G | Same |
| 3839 | Attorney-Client Privilege | G | Same |
| 2842 | Attorney-Client Privilege | G | Same |
| 3843 | Attorney-Client Privilege | G | Same |
| 3844 | Attorney-Client Privilege | G | Same |
| 3858 | Attorney-Client Privilege | G | Mere forwarding email |
| 2852 | Attorney-Client Privilege | G | Mere forwarding email |
| 3886 | Attorney-Client Privilege | G | The only request for review and advice is posed to a non-lawyer. There is no attorney communication contained herein and it is not apparent from the face of the document or any other information provided to the court that this reveals attorney client advice. |
| 3887 | Attorney-Client Privilege | G | Same |
| 3888 | Attorney-Client Privilege | G | Same |
| 3889 | Attorney-Client Privilege | G | Same |
| 3926 | Attorney-Client Privilege | G | Mere forwarding email |
| 3929 | Attorney-Client Privilege | G | Mere forwarding email |
| 3935 | Attorney-Client Privilege | G | No privileged content is revealed by this mere forwarding email |
| 3936 | Attorney-Client Privilege | R | This presentation appears to discuss various issues regarding regional pharmacies. Some slides on their face discuss legal considerations but most of the slides appear to only discuss business/financial/medical considerations. To the extent the legal discussion reflects advice from MWE or other attorneys that may be redacted but otherwise there appears to be no basis to withhold the remainder. |
| 3980 | Attorney-Client Privilege | G | This mere forwarding email does not itself contain or reveal any privileged communications or the content of the attached document, which is also not privileged (see below). |
| 3981 | Attorney-Client Privilege | G | This is a draft of a presentation that appears to have been prepared for purposes of ultimately sharing with a third party (CDC). The draft was sent to some lawyers (mostly in-house) but mostly non-lawyers. There is no specific request for legal advice with respect to the draft and it is not evident that the primary purpose of this communication was to seek legal advice as opposed to business advice from the non lawyers and in-house lawyers. |

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' REDACTED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| PRIVILEGE ENTRY NO | PRIVILEGE/STATUS | RULING | EXPLANATION |
|---|---|---|---|
| 18 | a/c privilege | G | It is not evident that the redacted language is specifically requesting legal advice or, rather, asking for review of draft minutes for accuracy. In fact, both an in-house lawyer and non-lawyer are the recipients and the lawyer is not asked for any particular analysis. |
| 19 | a/c privilege | G | Same as above |
| 20 | a/c privilege | G | Same as above |
| 26 | a/c privilege; work product | G | The redacted updates do not include any legal advice or otherwise reveal confidential attorney work product. It consists of factual updates about various proceedings principally relating to what recent hearings or other events have occurred. There is one reference to having analyzed certain issues in one case but there is no disclosure of the substance of the analysis. The mere fact that lawyers have generally analyzed certain issues is not typically privileged without more information revealing what advice was sought and given. |
| 27 | a/c privilege; work product | G | Same as above |
| 33 | a/c privilege | G | From the content and other information regarding this entry it is not evident that the redacted information constitutes a request for attorney client advice. Among other things, the document is not marked as privileged, the attorney is only one of several recipients, and the nature of the communication is not clearly privileged in nature. |
| 35 | a/c privilege | G | This is a communication from a non-lawyer to an in-house lawyer attaching business records, along with an email describing what is attached. There is no request for legal advice or anything else that discloses any privileged discussion. The document is not marked as privileged. |
| 36 | a/c privilege, work product | G | It does not appear from the face of this email thread, and no other evidence has been submitted to show, that any of these communications were for the purpose of seeking legal advice. In the initial communication, factual information about Gambro Zemplar usage was shared by a non-lawyer to an outside lawyer (Waltz), but there is no request for advice posed or otherwise revealed. Waltz then forwarded this information to others with no advice or analysis at all. The thread is then forwarded from one non-lawyer (Huron) to another non-lawyer (Lee). There is also no information provided to establish that the attached factual memorandum was prepared by or for an attorney or was prepared specifically for the purpose of seeking legal advice, and it includes no markings. The initial email to Waltz suggests that it is a copy of a document already in existence. There is simply not enough to establish a claim of privilege or work product. |
| 37 | a/c privilege, work product | G | See above |
| 55 | a/c privilege | G | See entries 18-20 above |
| 58 | a/c privilege | G | The redacted information reflects that certain business records (non-privileged in and of themselves) were being sent to an attorney. There is no request for advice included in the communication and nothing about the communication appears to reveal any particular request for advice about the business records or otherwise. |
| 86 | a/c privilege | G | Nothing in the redacted entry clearly pertains to legal advice either on the face of the document or upon review of the Pelliccioni Declaration |
| 88 | a/c privilege | R | There is a comment from J. Baird that appears privileged and can remain redacted but the remainder does not appear to require redaction |
| 101 | a/c privilege | G | The correspondence is merely forwarding an apparent business record and no request for legal advice is apparent |
| 139 | a/c privilege | D | This document appears to be the same as Doc. 138 except with additional redactions. In other words, material disclosed in Doc. 138 appears to be redacted here. While Defendants cannot claim privilege as to information produced in other entries, the Court will Deny the motion to compel as to this entry as moot, as Plaintiffs have received document 138 |
| 156 | a/c privilege | G | The redacted emails are to and from non-attorney staff, in which certain non-privileged business records are requested. Attorneys are cc'ed on the request. It could be inferred that the documents are being requested for purposes of sharing with the attorneys for some purpose. But no request for legal advice is revealed by these communications at all. The purpose for which the attorneys may be receiving these documents is not revealed. And the identities of the documents are all revealed already. There is simply no communication deserving of protection. |
| 161 | a/c privilege | G | It is not evident that the redacted portions of this email are requesting legal advice as opposed to business advice and the email is not marked as such. |
| 162 | a/c privilege | G | Same as above |
| 163 | a/c privilege | G | Same as above |

700

DEFENDANTS' REDACTED DOCUMENTS CHALLENGED BY RELATORS MAY 31, 2013

| | | | |
|---|---|---|---|
| 181 | a/c privilege | G | There is no indication that this document was sent to counsel for any legal review of or advice about this document, which is a non-privileged business record. Rather, counsel was being asked to review a draft letter, to which this document was attached. Because this document was not the subject of any request for advice and because there is nothing otherwise privileged about the document, there is no basis to redact it. |
| 184 | a/c privilege | G | This is a communication among non-lawyers, which does not reveal any legal advice and is not marked as privileged. The basis of the claim of privilege appears to be that this communication was separately forwarded to lawyers and legal advice was requested in that separate communication (Entry no. 183). But a document that is not privileged in and of itself does not become privileged simply because it is sent to an attorney. The communication with the attorney, including any attached copy of the document, may be privileged, but other copies of that same non-privileged document in defendant's files that exist separate and apart from the attorney communication do not enjoy a privilege. This principle requires overruling the claim of privilege as to this document |
| 185 | a/c privilege | G | Same as above |
| 190 | a/c privilege | G | No apparent confidential legal advice or request for advice is withheld. The communication makes clear that the attached letter is to be sent to a 3rd party after the filling in of certain ministerial blank items of information. |
| 191 | a/c privilege | G | Same as above |
| 200 | a/c privilege | G | Not evident that the forwarded communication constitutes or reveals legal advice or request for such; the communication appears to principally be attaching business documents without any particular request articulated for review or comment. |
| 201 | a/c privilege | G | Same as above |
| 202 | a/c privilege | G | This memorandum was sent to several executives, only one of which was an attorney (in-house attorney Udicious). It does not request any particular advice from Udicious and does not pose any question that is primarily legal in nature. Thus, the memorandum appears to be primarily directed at requesting business advice. If any legal advice is requested, which is not evident to the Court, this is not the principal purpose of this memorandum. It is primarily if not exclusively a request for business advice. That an in-house lawyer, who is a top executive, is copied on the memorandum among various other non-lawyer executives does not establish a privilege. |
| 218 | a/c privilege | R | The top email is not privileged and should be produced; the remainder can remain redacted. |
| 235 | a/c privilege | G | The redacted material does not constitute or reveal legal advice or request for such; the document simply states that certain issues are under consideration by "SWAT", and there is no specific reference to advice or requests for advice to any attorneys or the content of any communication or advice. |
| 237 | a/c privilege | G | Same as above |
| 239 | a/c privilege | G | Not evident that the redacted material contains legal advice or a request for such, as opposed to business-related discussions |
| 259 | a/c privilege | G | This communication does not involve attorneys and no content is privileged. The claim of privilege appears based on the fact that the entire communication, including attachments, was separately forwarded to an attorney and some requests for advice were made in that separate communication (doc. no. 258). As the Court explained in entry no. 184, the fact that this communication was separately forwarded in a separate communication to a lawyer does not cloak it with privilege. |
| 260 | a/c privilege | G | Same as above |
| 286 | a/c privilege | R | The last sentence of the redacted section may remain redacted but the rest does not reference or appear to reveal any attorney advice or requests for such. |
| 302 | a/c privilege | G | See entry 235 |
| 305 | a/c privilege | G | There is no legal advice that is apparent. The communication consists of the forwarding of business documents. While this communication is to lawyers, these documents do not appear to be drafts sent for review. The purpose of sending the documents is not revealed by this communication. |
| 306 | a/c privilege | G | Same as above |
| 310 | a/c privilege | G | See 190 above |
| 311 | a/c privilege | G | See 191 above |
| 314 | a/c privilege | G | See 310 above |
| 315 | a/c privilege | G | See 311 above |
| 318 | a/c privilege | G | There is no legal advice or any request for such that is apparent. In this communication, an outside lawyer simply forwards, without substantive comment or advice, the results of a search for medical policies conducted by a non-lawyer assistant at the law firm. Nothing within the four corners of this communication suggests that a privilege applies to this provision of non-legal information from a non-lawyer. |
| 335 | a/c privilege | G | There is no reference to any attorney advice in the redacted page. All that is referenced is direction from "KT," presumably non-attorney Kent Thiry. Thus, this statement does not appear to constitute or reveal any legal advice. The Court also notes that there are no markings identifying this as privileged. |

United States of America ex rel. Vainer and Barbir v. DaVita, et al., U.S.D.C. for the Northern District of Georgia, C.A.: 1:07-CV-2509-CAP

DEFENDANTS' REDACTED DOCUMENTS (SUPPLEMENTAL REDACTED LOG DATED JULY 22, 2013

| PRIVILEGE ENTRY NO | PRIVILEGE/STATUS | RULING | EXPLANATION |
|---|---|---|---|
| 353 | a/c privilege | R | The redacted material is proper with the exception that the April 25, 2005 10:29 am email from April Hackney on page D-V001027408 is not privileged and should not be redacted. This responds to a question from Chris Riopelle in the preceding email, which question was not redacted. The response from Hackney does not in itself request any further legal advice and does not otherwise appear to be privileged. |
| 354 | a/c privilege | R | This is part of the same email string as 353 above and the Court's ruling is the same as 353 |
| 355 | a/c privilege | R | This is part of the same email string as 353 above and the Court's ruling is the same as 353 |
| 355 | a/c privilege | R | This is part of the same email string as 353 above and the Court's ruling is the same as 353 |
| 360 | a/c privilege | R | The top email, which is from Chris Riopelle to Traci Bobo and others on January 19, 2004 at 6:16 pm, appears to constitute advice and a question for further information likely related to potential advice. The email it responds to, from Traci Bobo at Jan 19, 16:00:43, however, is not phrased in the form of a question or request for legal advice but rather is reporting facts for the purposes of inducing others (non-lawyers) to take certain actions. This does not appear to the Court to be a request for legal advice, notwithstanding that C. Riopelle responded to it with a response that qualifies as privileged. Likewise, the Court cannot discern any legal advice or request for legal advice to in-house counsel Riopelle in the other redacted emails. The subject matter of this discussion is who within the company should receive certain instructions and there is no legal advice apparent in this discussion. This discussion is from a business/clinical/operational perspective of who should receive the instructions being discussed. At a minimum, the principal purpose of the discussion is not legal in nature. |
| 367 | a/c privilege | R | This is part of the same email string as 353 above and the Court's ruling is the same as 353 |
| 372 | a/c privilege | D | This document is an example of where Defendants have marked as privileged a draft of a business document that reflects legal advice. The Court has reviewed these all for their specific facts. With regard to this document, it is properly withheld as privileged because the communication as a whole would generally reveal non-public advice from attorneys about the draft document. |
| 373 | a/c privilege | G | The comment from Collard to Thiry might arguably be privileged in the sense that it refers to the preceding comments of attorney Joseph Schohl. But it appears that the comments from Schohl to which Collard refers are not redacted and have been produced. It follows that Collard's mere reference to those same comments to Thiry cannot be withheld as privileged either; in other words, any arguable privilege was waived by the production of Schohl's comments. The response from Thiry to Collard (who are both non-lawyers) is not arguably privileged. There is no attorney advice or request for such that is contained or revealed by the question that is redacted. |
| 382 | a/c privilege | O | The Court requires more information as to his entry. The materials submitted in camera with regard to this entry include not just the redacted page that is listed in the log, but also a lengthy email chain that appears to relate to the document. The email chain itself is not logged at least on this supplemental log as being withheld. The Court cannot determine whether the email chain was been withheld and is logged elsewhere. Whether the email chain discussing this document has been produced may bear on whether a privilege can be asserted as to the attached document itself. Defendants therefore are directed to clarify the privileged status of the email chain included with this entry. |
| 385 | a/c privilege | R | Within the redacted passage, the text from and including the first mention of the word "compliance," up until but not including the reference to "J. Robertson," is privileged and may be withheld. The Court cannot discern any legal advice or request for such that is included or revealed in the other text, and therefore that other text should be produced. |

702

DEFENDANTS' REDACTED DOCUMENTS (SUPPLEMENTAL PRIVILEGE LOG DATED NOV 22, 2013)

| PRIVILEGE ENTRY NO | PRIVILEGE/STATUS | RULING | EXPLANATION |
|---|---|---|---|
| 1 | a/c privilege; work product | O | The Court has been provided no context to understand what purposes this document served and to whom it was disclosed. It appears to be the sort of document that may be prepared for purposes of sharing with third parties, which is relevant to the privilege analysis. Thus, Defendants are directed, should they wish to maintain a claim of privilege as to this document, to submit a declaration or other information to explain the purposes of this document, who created the pertinent sections, and to whom it was disseminated. |